Derek W. Loeser, WSBA #24274
Gretchen Freeman Cappio, WSBA #29576
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Chanele N. Reyes, WSBA #46712
**KELLER ROHRBACK L.L.P.**
3101 N. Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

Matthew J. Preusch, *pro hac vice
forthcoming*
**KELLER ROHRBACK L.L.P.**
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Facsimile: (805) 456-1497

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
## SPOKANE DIVISION

| | |
|---|---|
| MONTY AND MICHELLE COORDES, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>      v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., and WELLS FARGO HOME MORTGAGE,<br><br>                              Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT |

CLASS ACTION COMPLAINT- 1

Plaintiffs Monty and Michelle Coordes bring this lawsuit on behalf of themselves and a proposed nationwide class of similarly situated people who were wrongfully denied a mortgage modification by Defendants Wells Fargo & Company; Wells Fargo Bank, N.A.; and Wells Fargo Home Mortgage (collectively "Wells Fargo," "the Bank," or "Defendants") due to a software glitch, which the Bank itself has admitted. Plaintiffs, through their Counsel, allege the following based on publicly available information, investigation of Counsel, and information and belief.

## I.    INTRODUCTION

1.    In 2005, Monty and Michelle Coordes built a new home in Spokane, Washington, that was secured by a mortgage loan.

2.    As a result of the economic downturn, Mr. Coordes became temporarily unemployed in 2010. The Coordeses immediately sought a mortgage loan modification from Wells Fargo that would have allowed them to pay the modified payment using Ms. Coordes's salary and Mr. Coordes's unemployment benefits until he was able to obtain new employment.

3.    Despite the Coordeses' diligent efforts, Wells Fargo rejected the Coordeses' mortgage modification application. Because of the denial, the Coordeses lost their home to foreclosure.

4.    In August 2018, Wells Fargo disclosed that a calculation error in its own mortgage loan modification underwriting software resulted in the improper denial of approximately 625 modification applications, including the Coordeses, that should have

CLASS ACTION COMPLAINT- 2

qualified for modification. Wells Fargo updated the number in November 2018 to 870. Worse still, many of the affected homeowners, including the Coordeses, endured the nightmare of foreclosure—unnecessary foreclosure. Wells Fargo continues to investigate, indicating there may be even more affected homeowners than already known at the time of this filing.

5.    Wells Fargo has now publicly admitted to the error in its software. It also admitted that the Coordeses were among the many victims of that "glitch."

6.    To right this wrong, ensure Wells Fargo fully compensates all parties who were affected by this software error, obtain available statutory and other damages, and hold Wells Fargo accountable for yet another abuse of customer trust, the Coordeses bring this class action Complaint on behalf of themselves and all similarly situated Wells Fargo mortgage borrowers nationwide.

## II.    JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based on the federal statutory claims below, and the Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

8.    This Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one Defendant, there are 100 or more Class members nationwide, and the aggregate amount in controversy exceeds $5,000,000.

CLASS ACTION COMPLAINT- 3

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendants, a substantial portion the alleged wrongdoing occurred in this District and the state of Washington, and Defendants have sufficient contacts with this District and Washington.

10.    Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. The Plaintiffs reside in Spokane County, thus the Spokane Division is proper.

### III.    PARTIES

11.    Monty and Michelle Coordes are residents and citizens of Spokane Valley, Washington. They owned a home in Spokane, Washington, that was unlawfully foreclosed on by Wells Fargo in 2011.

12.    Defendant Wells Fargo & Company is incorporated in Delaware with its principal place of business in San Francisco, California. Wells Fargo & Company is a financial services company with $1.9 trillion in assets and approximately 271,000 employees. It provides banking, insurance, investments, mortgage, and consumer and commercial finance through more than 8,500 locations, 13,000 ATMs, the Internet and mobile banking, and has offices in 42 countries and territories. Wells Fargo & Company represents through various means, including in press releases issued from San Francisco, California, that it provides mortgage services:

CLASS ACTION COMPLAINT- 4

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**About Wells Fargo**

Wells Fargo & Company (NYSE: WFC) is a diversified, community-based financial services company with $1.9 trillion in assets. Wells Fargo's vision is to satisfy our customers' financial needs and help them succeed financially. Founded in 1852 and headquartered in San Francisco, Wells Fargo provides banking, insurance, investments, <mark>mortgage,</mark> and consumer and commercial finance through more than 8,400 locations, 13,000 ATMs, the internet (wellsfargo.com) and mobile banking, and has offices in 42 countries and territories to support customers who conduct business in the global economy. With approximately 268,000 team members, Wells Fargo serves one in three households in the United States. Wells Fargo & Company was ranked No. 25 on Fortune's 2017 rankings of America's largest corporations.

13.     Defendant Wells Fargo Bank, N.A. is a national banking association chartered under the laws of the United States with its primary place of business in Sioux Falls, South Dakota. Wells Fargo Bank, N.A. provides Wells Fargo & Company personal and commercial banking services, engages in mortgage lending, and is Wells Fargo & Company's principal subsidiary. Wells Fargo Bank, N.A. is also the successor by merger to Wells Fargo Home Mortgage, Inc.

14.     Defendant Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. and has its primary place of business in Des Moines, Iowa.

## IV.     FACTUAL ALLEGATIONS

15.     Wells Fargo is the nation's second largest residential mortgage provider. In August 2018, it disclosed to the Securities and Exchange Commission ("SEC") that an error in its mortgage loan modification underwriting software led to the improper denial of approximately 625 customers for mortgage modifications, with the majority resulting in needless foreclosures. In November 2018, Wells Fargo updated its disclosure to state the software error affected 870 consumers.[1] Before these public disclosures, the

---

[1] Further, Wells Fargo acknowledged in November 2018 that it continues to investigate the matter, which may result in identification of additional victims.

CLASS ACTION COMPLAINT- 5

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Coordeses had no idea that Wells Fargo's software glitch was to blame for the denial of their mortgage modification and subsequent foreclosure.

**A.     Mortgage modification**

16.     Mortgage modification allows lender and borrower to modify the original terms of the mortgage contract. Possible modifications include reduction in interest rate, fixed interest rate, reduction of the principal or forbearance, or extension of the term.

17.     In 2009 the federal government introduced a policy known as Making Home Affordable (MHA) to address the foreclosure crisis at that time. The largest program in MHA was the Home Affordable Modification Program (HAMP), which was designed to assist homeowners struggling financially avoid foreclosure. To qualify, borrowers were required to demonstrate documented financial hardship and the ability to make the monthly mortgage payment after modification. The program allowed lenders and borrowers to modify loans to a level that would be affordable immediately, yet still sustainable over the term of the loan. Mortgage modifications were completed under the program without expense to the taxpayer.

18.     HAMP modifications began with a three-month trial period that allowed the borrower to demonstrate their ability to make their payments timely. The official modification occurred at the end of the trial and became permanent on the loan.

19.     The federal government developed software to determine eligibility for participation in the HAMP program. Despite the accessibility of this software, Wells Fargo opted to develop and use its own software. It was this internally-developed

CLASS ACTION COMPLAINT- 6

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

software that contained a glitch in the calculation of attorneys' fees that led to the improper denial of otherwise qualified mortgage modification applications, such as that of the Coordeses.

**B.     Wells Fargo's admission of its own software error**

20.     On August 3, 2018, Wells Fargo revealed in its SEC 10-Q filing that an internal review of its mortgage loan modification underwriting software determined a "calculation error" involving some accounts in the foreclosure process between April 13, 2010, and October 20, 2015. The error was an "automated miscalculation of attorneys' fees that were included for purposes of determining whether a customer qualified for a mortgage loan modification pursuant to the requirements of government-sponsored enterprises . . ." Due to this mistake, on August 3, 2018, Wells Fargo announced that it had identified at least 625 customers who were incorrectly denied a mortgage modification for which they would otherwise have qualified. Wells Fargo estimated that approximately 400 of those 625 cases resulted in foreclosure.

21.     On November 6, 2018, Wells Fargo, in an updated disclosure, announced that it expanded its search to March 15, 2010, to April 30, 2018, the date "new controls were implemented." The expanded search resulted in an increase to 870 affected homeowners, of which approximately 545 experienced foreclosures. In addition, Wells Fargo described the review, which included a review of its modification tools, as "ongoing."

CLASS ACTION COMPLAINT- 7

22.     Plaintiffs believe that Wells Fargo has not informed all victims of the mortgage software glitch that they are affected and that some victims must contact Wells Fargo directly to determine they were affected.

23.     Wells Fargo set aside $8 million to attempt to remediate customers who were affected by the calculation error. It has not announced if additional funds have been allocated to address the expanding class of affected consumers.

24.     The Coordeses and consumers like them, affected by the error and not given their rightfully-deserved modification, face a variety of harms, whether or not they actually experienced foreclosure. These consequences include: increased borrowing costs, loss of equity, eviction and other foreclosure-related fees, legal fees, devastating impacts to their consumer credit, and incidental costs related to the sudden need to move. Wells Fargo's remediation program does not fully compensate the Coordeses or those similarly situated for all the injuries Wells Fargo has caused them, injuries that this lawsuit can redress.

C.    **Plaintiffs Monty and Michelle Coordes' Experience**

25.     In 2005, the Coordeses built a new home in Spokane, Washington, that was secured by a mortgage loan of $198,400. In 2007, the loan was acquired by Wells Fargo, and the Coordeses continued to make mortgage payments as normal. At this time, the Coordeses both had consumer credit scores in excess of 700.

26.     As a result of the economic downturn, Mr. Coordes's position as an aircraft program manager was eliminated by his company in February 2010. Immediately upon

CLASS ACTION COMPLAINT- 8

the loss of Mr. Coordes' job, the Coordeses contacted Wells Fargo to obtain a mortgage modification under HAMP. A modification would have allowed the Coordeses to continue making reduced payments using Ms. Coordes's salary and Mr. Coordes's unemployment benefits until he was able to obtain new employment. The Bank advised them that they would need to miss three payments before they could qualify for relief. Despite concerns for their credit, the Coordeses deliberately missed the requisite three payments and filed for a mortgage modification with Wells Fargo in spring 2010.

27.    Throughout 2010, the Coordeses continued to pursue the mortgage modification, but they experienced significant communication challenges with Wells Fargo. The bank repeatedly requested the same documents and information about their finances.

28.    Despite over a year of negotiations with Wells Fargo to have their mortgage loan modified, in September 2011 the Coordeses received notice from Wells Fargo that their home was being foreclosed and would be sold at auction. Alarmed that their home would be unexpectedly taken from them, the Coordeses fought to retain their home, but Wells Fargo was unresponsive. Finally, in January 2012, the home was sold at auction, and the Coordeses were forced to move into a rental house.

29.    Over six years later, in September 2018, the Coordeses began to receive phone calls from Wells Fargo representatives. In these calls, Wells Fargo acknowledged the computer error that resulted in the improper rejection of the Coordeses' modification application. Shortly after, the Coordeses received a notice dated September 11, 2018, that

CLASS ACTION COMPLAINT- 9

said:

> We have some difficult news to share. When you were considered for a loan modification, you weren't approved, and now we realize that you should have been. We based our decision on a faulty calculation, and we're sorry. If it had been correct, you would have been approved for a trial modification.
>
> We want to make things right.
>
> We realize that our decision impacted you at a time you were facing a hardship. We've carefully considered what we can do for you. You'll find a payment enclosed to help make up for your financial loss. We're also reaching out to the consumer reporting agencies to ask them to remove any negative reporting.
>
> If you don't feel that we've made things right, you can consider mediation. A mediator is someone outside of Wells Fargo who will help us work together to resolve the issue. There'll be no cost to you. Please see the enclosed information. If you request mediation, you can still cash the enclosed check.

30.     Attached to the letter was a check for $15,000. The Coordeses believe that the $15,000 check is far from adequate compensation for the loss of their home and the other injuries sustained due to Wells Fargo's misconduct. To try to receive appropriate compensation, the Coordeses undertook mediation with Wells Fargo in November 2018. Wells Fargo provided a modest payment of $25,000, but Wells Fargo was unwilling to provide full and fair relief for the injuries suffered by the Coordeses as a result of Wells Fargo's admitted wrongful conduct.

## V.     CLASS ACTION ALLEGATIONS

31.     This matter is brought by the Coordeses on behalf of themselves and those similarly situated, under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). The Class that the Coordeses seek to represent is defined at this time as:

> All persons who sought a mortgage modification from Wells Fargo between April 13, 2010, and October 20, 2015, and were denied due to an error acknowledged by Wells Fargo in Wells Fargo's mortgage underwriting software. The Class includes, but is not limited to, persons to whom Wells Fargo sent or should have sent the notice referred to in paragraph 29.

CLASS ACTION COMPLAINT- 10

32.     Excluded from the Class are Wells Fargo's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. The Coordeses reserve the right to amend the class definition based on information obtained in discovery.

33.     **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. The proposed Class contains at least 870 members by Wells Fargo's own admission. Wells Fargo is the nation's second largest home lender. The precise number of class members can be ascertained through discovery, which will include Defendants' underwriting and other records.

34.     **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class.

35.     For the Coordeses and the Class, the common legal and factual questions include, but are not limited to the following:

A.     Whether Wells Fargo has engaged in unconscionable acts or practices and unfair or deceptive acts or practices with the incorrect denial of mortgage modification applications for qualified applicants;

B.     Whether Wells Fargo violated the federal statutes enumerated in the causes of action below;

C.     Whether Wells Fargo has been unjustly enriched;

D.     Whether Wells Fargo breached the implied covenant of good faith and fair dealing;

CLASS ACTION COMPLAINT- 11

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

E.      Whether Wells Fargo acted in a timely fashion to disclose the error in its mortgage loan modification underwriting software;

F.      Whether, because of Wells Fargo's conduct, the Coordeses and the Class have suffered damages; and if so, the appropriate amount thereof; and

G.      Whether, because of Wells Fargo's misconduct, the Coordeses and the Class are entitled to equitable and declaratory relief, and if so, the nature of such relief.

36.    Membership of the class may be determined through Wells Fargo's records, including loss mitigation records like loan modification application, which are stored on third party "Mortgage Service Platform" used by Wells Fargo.

37.    **Typicality**: The Coordeses claims are typical of the claims of the members of the Class. The Coordeses and all the members of the Class have been injured by the same wrongful practices of Wells Fargo, by Wells Fargo's own admission. The Coordeses' claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

38.    **Adequacy**: The Coordeses are representatives who will fully and adequately assert and protect the interests of the Class and have retained class counsel who are experienced and qualified in prosecuting class actions. Neither the Coordeses nor their attorneys have any interests contrary to or in conflict with the Class.

39.    **Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit because individual litigation of the claims of

CLASS ACTION COMPLAINT- 12

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely to be in the millions of dollars, the individual damages incurred by each Class member are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

40.    Further, individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also result in varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and the court system because of multiple trials of the same factual and legal issues. Plaintiffs know of no difficulty to be encountered in the managements of this action that would preclude its maintenance as a class action. In addition, Wells Fargo has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

41.    Wells Fargo has, or has access to, address and/or other contact information for the members of the Class, which may be used to provide notice of the pendency of this action.

## VI.    TOLLING OF ANY APPLICABLE STATUES OF LIMITATIONS

### A.    Discovery Rule

CLASS ACTION COMPLAINT- 13

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

42.     The discovery rule delays the date on which a statute of limitations starts to run. Despite their diligence, the Coordeses and Class members did not discover and could not have discovered the facts that form the basis for their causes of actions. Specifically, the Coordeses and the Class members had no ability to know that their mortgage modification requests were rejected due to an internal fault in Wells Fargo's private mortgage loan modification software.

43.     Wells Fargo did not reveal that its own software was the source of the foreclosure glitch until its filing with the SEC on August 3, 2018. Further, the Coordeses did not learn of the error generally, or specifically that it applied to them, until Wells Fargo contacted them in September 2018.

44.     There is no reasonable expectation, including with the use of due diligence, that Coordeses or the Class members should or could have suspected their mortgage modification denials and subsequent foreclosures were the result of internal software errors. The Coordeses and the Class members had the reasonable expectation that Wells Fargo's internally-developed software functioned properly.

45.     Any statutes of limitations otherwise applicable to any claim asserted have been tolled under the discovery rule by the inability of the Plaintiffs to have a reasonable opportunity to discover the unlawful injury giving rise to this complaint until they were contacted by Wells Fargo on or about September 2018.

**B.     <u>Equitable Tolling</u>**

CLASS ACTION COMPLAINT- 14

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

46.     Equitable tolling pauses the statute of limitations after it has already begun. The Coordeses were aware of their injury – the foreclosure of their beloved home was clear evidence – however, as described above, they lacked the ability to determine that their injuries were, in fact, the result of wrongdoing by Wells Fargo. It was not until Wells Fargo contacted them – nearly seven years after their loss – that they learned their injury was the result of Wells Fargo's misconduct. No reasonable plaintiff would have known of their valid claim during the statute of limitations.

47.     Because there was excusable delay by the Coordeses and the Class members for bringing their claims until they were contacted by Wells Fargo on or about September 2018, any statutes of limitations have been tolled by the doctrine of equitable tolling until the discovery of the conduct giving rise to this complaint.

## C.     Estoppel

48.      Wells Fargo was under a continuous duty to notify the Coordeses and the Class members of the error in its mortgage underwriting software upon discovery in October 2015.  Yet, even though the problems occurred between April 13, 2010, and October 20, 2015, Wells Fargo concealed the problem until August 3, 2018 when it acknowledged the problem in its 10-Q filing. Even with the revelation of the glitch, the Coordeses and the Class members could not determine that they were victims until they were contacted by Wells Fargo, which occurred on or about September 2018.

49.     Wells Fargo did not re-evaluate the denied modifications and admit its error to the affected consumers, including the Coordeses, for almost three years after discovery

CLASS ACTION COMPLAINT- 15

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

of the internal software error. Instead, Wells Fargo concealed its mistake, thus preventing the Coordeses and the Class members from pursuing relief earlier under the law. This lengthy delay compounded harm to the Coordeses and the Class members. Because of Wells Fargo's concealment of the glitch, the Coordeses and Class Members did not and could not know of the existence of their claims.

50.     Based on the foregoing, Wells Fargo is estopped from relying on any statutes of limitations in defense of this action.

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.
Asserted on Behalf of Plaintiffs and the Class**

51.     Plaintiffs incorporate by reference every prior and subsequent allegation of this Complaint as if fully restated here.

52.     Plaintiffs Monty and Michelle Coordes bring this claim on their own behalf and on behalf of each member of the Class described above.

53.     The Fair Debt Collection Practices Act (FDCPA) prohibits debt collectors from using unfair or unconscionable methods to collect or attempt to collect debts. 15 U.S.C. § 1692f.

54.     The Coordeses are defined as consumers under 15 U.S.C. § 1692a(3).

55.     Wells Fargo is defined as a creditor under 15 U.S.C. § 1692a(4) and as a debt collector under 15 U.S.C. § 1692a(6).

CLASS ACTION COMPLAINT- 16

56.    The mortgage loans at issue here were debts primarily for personal, family, or household purposes, as defined by 15 U.S.C. § 1692a(5).

57.    In violation of 15 U.S.C. § 1692f, Wells Fargo engaged in unfair or unconscionable means to collect a debt, including, but not limited to, incorrectly calculating fees associated with the Coordeses and the Class members' mortgage modification applications and improperly rejecting their applications. The Coordeses and the Class members were eligible for and should have received modifications, but Wells Fargo used an unfair or unconscionable method to deny the relief, ultimately resulting in unnecessary foreclosures for more than half of the Class, including the Coordeses.

58.    By representing that the Coordeses and the Class members were not eligible for a modification to their mortgages, a statement which Wells Fargo now admits was false, Wells Fargo used a false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

59.    FDPCA also prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession" if "there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692g(6)(A). The Coordeses and the Class members, by Wells Fargo's own admission, were eligible for and should have received mortgage modifications. Thus, Wells Fargo had neither the right to threaten nor to subsequently take nonjudicial foreclosure action on the borrowers' properties, in violation of 15 U.S.C. § 1692g(6)(A).

CLASS ACTION COMPLAINT- 17

60.    Wells Fargo is liable to the Coordeses and each of the Class members for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION
### Violation of the Truth in Lending Act, 16 U.S.C. 1601, *et seq*.
### Asserted on Behalf of Plaintiffs and the Class

61.     Plaintiffs incorporate by reference every prior and subsequent allegation of this Complaint as if fully restated here.

62.    Plaintiffs Monty and Michelle Coordes bring this claim on their own behalf and on behalf of each member of the Class described above.

63.    The Truth in Lending Act (TILA) recognizes mortgage modification plans as a solution for borrowers facing economic hardship. It defines a "qualified loss mitigation plan" to include trial loan modifications, as requested by the Coordeses and the Class members here. 15 U.S.C. § 1639a(f)(1)(A).

64.    TILA also provides specific duties to servicers of residential mortgages. 15 U.S.C. § 1639a. Among these duties is for a servicer to "reasonably determine[] . . . that the application of such qualified loss mitigation plan to a mortgage . . . will likely provide an anticipated recovery on the outstanding principal mortgage debt that will exceed the anticipated recovery through foreclosure[]." 15 U.S.C. § 1639a(a)(2)(C).

65.    Wells Fargo is a creditor under TILA pursuant to 15 U.S.C. § 1602(g).

CLASS ACTION COMPLAINT- 18

66.     The Coordeses and Class members are consumers under 15 U.S.C. § 1602(i).

67.     Wells Fargo did not fulfill its duty under TILA. Wells Fargo did not reasonably determine that the applications of the Coordeses and the Class members would not provide the anticipated recovery of the outstanding principal mortgage debt. Wells Fargo has even admitted that if it had properly evaluated the applications, the Coordeses and the Class members would have qualified under the terms set forth in TILA.

68.     The Coordeses and the Class members have been injured and suffered monetary losses, including the value of their homes, because of Wells Fargo's violations of TILA.

69.     Pursuant to 15 U.S.C. § 1640, Wells Fargo is liable for actual and/or statutory damages, in an amount to be determined by the Court, plus attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### Violation of the Consumer Protection Act, RCW 19.86, et seq.
### Asserted on Behalf of Washington Class Members

70.     Plaintiffs incorporate by reference every prior and subsequent allegation of this Complaint as if fully restated here.

71.     Plaintiffs Monty and Michelle Coordes bring this claim on their own behalf and on behalf of each Washington member of the Class described above.

CLASS ACTION COMPLAINT- 19

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

72.     The Consumer Protection Act is codified at RCW 19.86 *et seq*. (CPA). The CPA establishes a comprehensive framework for redressing consumer protection violations. As Washington consumers, the Coordeses and the Class members can enforce the CPA and recover damages. RCW 19.86.090. The conduct at issue in this case falls within the scope of the CPA.

73.     The CPA prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Defendants engaged in unfair and/or deceptive conduct by improperly rejecting the mortgage modification applications of the Coordeses and the Class members who qualified for and should have received modification. As a result, the Coordeses and the Class members suffered economic damage, home foreclosure in some cases, and damage to their consumer credit reports.

74.     Wells Fargo further engaged in unfair and deceptive acts or practices by withholding the knowledge of error that triggered the improper rejection of the mortgage modification applications for nearly three years after learning of and correcting the error.

75.     Due to Defendants' unfair and deceptive acts or practices, the Coordeses and the Class Members suffered damage to their consumer credit, limiting their future ability to obtain lines of credit, including mortgages. Some Class members were forced to file bankruptcy as a result of Defendants' actions. Many Class members, including the Coordeses, suffered foreclosure and lost their homes. Defendants should have reasonably known upon discovery of the software error that the resulting harm would continue for

CLASS ACTION COMPLAINT- 20

several years, yet Defendants withheld the information and did not act to repair the credit reports of the Coordeses or Class Members or otherwise remedy the wrongdoing.

76.      As a direct and proximate cause of each of Defendants' unfair and deceptive conduct: (i) the Coordeses and the Class members have sustained and continue to sustain injuries and (ii) pursuant to RCW 19.86.090, the Coordeses and the Class members are entitled to actual and treble damages in amounts to be determined at trial, attorneys' fees and costs, and all other relief available under the CPA.

### FOURTH CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing
### Asserted on Behalf of Plaintiffs and the Class

77.      Plaintiffs incorporate by reference every prior and subsequent allegation of this Complaint as if fully restated here.

78.      Plaintiffs Monty and Michelle Coordes bring this claim on their own behalf and on behalf of each member of the Class described above.

79.      Mortgage modification programs were specifically created to assist qualified borrowers experiencing financial hardship. The Coordeses and the Class members entered in negotiations for modifications with the expectation of good faith and fair dealing by Wells Fargo.

80.      Wells Fargo did not act in a manner consistent with the borrowers' objectively reasonable expectations. Wells Fargo dragged the process out for an extended duration and ultimately denied the applications for mortgage modification, despite the borrowers actually qualifying for the relief.

CLASS ACTION COMPLAINT- 21

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

81.     To further compound the problem, by its own admission, Wells Fargo discovered the error in October 2015. It made no efforts for several years to notify the Coordeses or the Class members that their mortgage modification may have been improperly denied. During this period, the Coordeses and Class members were left to suffer with the continuing financial effects of foreclosure.

82.     As a result, the Coordeses and the Class members are entitled to damages on their breach of covenant of good faith and fair dealing claim in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment**
**Asserted on Behalf of Plaintiffs and the Class**

83.     Plaintiffs incorporate by reference every prior and subsequent allegation of this Complaint as if fully restated here.

84.     Plaintiffs Monty and Michelle Coordes bring this claim on their own behalf and on behalf of each member of the Class described above.

85.     Wells Fargo denied the Coordeses and the Class members the mortgage modification relief they were qualified to receive and in turn was unjustly enriched by penalties, fees, and other charges resulting from the financial implications of the denial of mortgage modifications, including foreclosure.

86.     Allowing Wells Fargo to retain the fees and other benefits it received from the foreclosures and/or the denial of the modifications is unjust because they were obtained as the result of unlawful, unfair, or fraudulent practices. Wells Fargo should be

CLASS ACTION COMPLAINT- 22

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

held accountable for its misconduct, including the subsequent refusal to timely reveal the issue and allowing Wells Fargo to retain the benefits defeats society's reasonable expectations of mortgage loan contracts and the federal government's purpose in enacting mortgage modification relief programs such as HAMP.

87.     As a result, the Coordeses and the Class members are entitled to damages on their unjust enrichment claim in an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**
**Negligence**
**Asserted on Behalf of Plaintiffs and the Class**

88.     Plaintiffs incorporate by reference every prior and subsequent allegation of this Complaint as if fully restated here.

89.     Plaintiffs Monty and Michelle Coordes bring this claim on their own behalf and on behalf of each member of the Class described above.

90.     Independent from the contractual obligations outlined in the mortgage contract and subsequent request for a modification under the HAMP program to their mortgages,[2] Wells Fargo owed the Coordeses and the Class members a duty to exercise reasonable care in the modification process.

91.     As Wells Fargo chose to develop its own software program to determine applicants' eligibility for modification, Wells Fargo owed the Coordeses and the Class

---

[2] Plaintiffs do not seek suit to enforce the terms of HAMP, including contractual rights.

CLASS ACTION COMPLAINT- 23

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

members a duty to exercise reasonable care in the development and execution of these software programs.

92.     Wells Fargo breached this duty of care by developing and using software that did not perform correctly because it overcalculated the amount of attorneys' fees that were used in the determination of applicants' eligibility. Because of the software was negligently designed and implemented, Wells Fargo denied modification applications that the Coordeses and Class members should have received. These denials were based not on the materials within the mortgage contracts or modification applications, but exclusively on Wells Fargo's negligently designed and implemented software.

93.     The breach of this duty was the direct and proximate cause of harm to the Coordeses and the Class members.

94.     As a result, the Coordeses and the Class members are entitled to damages in an amount to be proven at trial.

## VIII.  REQUEST FOR RELIEF

The Coordeses, individually and on behalf of all others similarly situated, request judgments against Defendants as follows:

A.     For an order certifying the Class under FED. R. CIV. P. 23(b)(2) and 23(b)(3) and appointing the Coordeses as representatives of the Class and appointing the lawyers and law firm representing the Coordeses as counsel for the Class;

B.     Notifying the Class according to FED. R. CIV. P. 23(c);

CLASS ACTION COMPLAINT- 24

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

C.      Declaring Wells Fargo's actions to be unlawful;

D.      For all recoverable compensatory, statutory, and other damages sustained by the Coordeses and the Class, including disgorgement, unjust enrichment, and all other relief allowed under applicable law;

E.      Granting the Coordeses and the Class awards of restitution and/or disgorgement of Wells Fargo's profits from its unfair and unlawful practices described above;

F.      For injunctive relief;

G.      For costs;

H.      For both pre-judgment and post-judgment interest on any amounts awarded;

I.      For treble damages insofar as they are allowed by applicable laws;

J.      For appropriate individual relief as requested above;

K.      For payment of attorneys' fees and expert fees as may be allowable under applicable law; and

L.      For such other and further relief, including declaratory relief, as the Court may deem proper.

## IX.   DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 15th day of February, 2019.

CLASS ACTION COMPLAINT- 25

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

By: s/ Derek W. Loeser
Derek W. Loeser, WSBA #24274
Gretchen Freeman Cappio, WSBA #29576
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

Chanele N. Reyes, WSBA #46712
**KELLER ROHRBACK L.L.P.**
3101 N. Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone:  (602) 248-0088
Facsimile:   (602) 248-2822

Matthew J. Preusch, *pro hac vice forthcoming*
**KELLER ROHRBACK L.L.P.**
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Facsimile:  (805) 456-1497

***Attorneys for Plaintiffs***

CLASS ACTION COMPLAINT- 26