1  Rudy A. Englund, WSBA 04123
   Pilar C. French, WSBA 33300
2  Erin M. Wilson, WSBA 42454
   LANE POWELL PC
3  1420 Fifth Avenue, Suite 4200
   P.O. Box 91302
4  Seattle, WA 98111-9402
   Telephone: 206.223.7000
5  Facsimile: 206.223.7107
   Email: englundr@lanepowell.com
6  Email:wilsonem@lanepowell.com
   Email: frenchp@lanepowell.com
7  Attorneys for Defendants

CHIEF JUDGE THOMAS O. RICE

8              UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF WASHINGTON

10  MONTY AND MICHELLE                )
    COORDES, individually and on behalf )
    of all others similarly situated    )
11                                      )
                                        )  No. 2:19-CV-00052-TOR
12                          Plaintiffs, )
                                        )  **DEFENDANTS' MOTION TO**
13       v.                             )  **DISMISS AND STRIKE CLASS**
                                        )  **ACTION COMPLAINT**
14  WELLS FARGO & COMPANY,              )
    WELLS FARGO BANK, N.A., and         )  9/11/2019
15  WELLS FARGO HOME                    )  WITH ORAL ARGUMENT
    MORTGAGE,                           )  2:30 PM
16                                      )  SPOKANE, WA
                           Defendants.  )
17  _____  )

18
19
20
21
22
23
24
25
26

MOTION TO DISMISS AND STRIKE
NO. 2:19-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7707395.1

## <u>**TABLE OF CONTENTS**</u>

Page

I.    INTRODUCTION ................................................................................1

II.   PLAINTIFFS' ALLEGATIONS ...........................................................1

III.  LEGAL ARGUMENT .........................................................................3

    A.    Plaintiffs Have No Claim Against Wells Fargo & Company or Wells Fargo Home Mortgage............................................................3

    B.    Plaintiffs' FDCPA Claim Fails on Its Face (First Cause of Action). ..............................................................................................5

        1.    Wells Fargo Is Not a "Debt Collector" Under the FDCPA...5

        2.    The FDCPA Does Not Apply to Loan Modification Communications. ...........................................................................6

    C.    The Court Should Reject Plaintiffs' Selective Quotation of TILA's "Safe Harbor" Provision, Which Does Not Provide Plaintiffs Any Rights or Remedies (Second Cause of Action)...............................7

    D.    Plaintiffs Cannot Base Their Washington Consumer Protection Act Claim on an Allegedly Wrongful HAMP Denial (Third Cause of Action)..........................................................................................8

    E.    The Implied Covenant of Good Faith and Fair Dealing Cannot Be Used to Rewrite Plaintiffs' Loan Documents (Fourth Cause of Action)........................................................................................10

    F.    Plaintiffs' Unjust Enrichment Claim Fails Because the Parties Had an Express Contract (Fifth Cause of Action). ...............................12

    G.    Plaintiffs' Negligence Claim Fails for Lack of Duty (Sixth Cause of Action). ...................................................................................13

    H.    Plaintiffs' State Law Claims Are Not Suitable for Class Treatment. ............................................................................................15

        1.    Plaintiffs' State Law Claims Cannot Proceed on a Nationwide Basis. ...........................................................................16

        2.    Plaintiffs Do Not (and Cannot) Allege that a Washington Class Is Sufficiently Numerous. ..........................................19

IV.   CONCLUSION .................................................................................20

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. Veterans Admin.*,
   749 F.2d 1386 (9th Cir. 1984) ..................................................................4

*Badgett v. Sec. State Bank*,
   116 Wn. 2d 563 (1991) ..................................................................10, 11

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ..................................................................4

*Brant v. Shea Mortg. Inc.*,
   2011 WL 1300360 (D. Nev. Mar. 30, 2011) ..................................................................3

*Bristol-Myers Squibb v. Super. Ct. of Cal., San Francisco Cty.*,
   137 S. Ct. 1773 (2017)..................................................................4

*Brooks v. Citibank (S. Dakota), N.A.*,
   345 F. App'x 260 (9th Cir. 2009)..................................................................5

*Burkett v. Bank of Am., N.A.*,
   2011 WL 4565881 (S.D. Miss. Sept. 29, 2011) ..................................................................8

*Cannon v. Wells Fargo Bank, N.A.*,
   917 F. Supp. 2d 1025 (N.D. Cal. 2013)..................................................................17

*Chao v. Rothermel*,
   327 F.3d 223 (3d Cir. 2003) ..................................................................10

*Coe v. Philips Oral Healthcare Inc.*,
   2014 WL 5162912 (W.D. Wash. Oct. 14, 2014)..................................................................17, 18, 19

*Corcoran v. CVS Health Corp.*,
   169 F. Supp. 3d 970 (N.D. Cal. 2016)..................................................................16

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014)..................................................................4

MOTION TO DISMISS AND STRIKE - i
NO. 2:19-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1
2

*Dias v. Fed. Nat. Mortg. Ass'n*,
    990 F. Supp. 2d 1042 (D. Haw. 2013) .............................................................9

3
4
5

*Diffely v. Nationstar Mortg., LLC*,
    2018 WL 1737780, *reconsideration denied sub nom. Diffley v.
    Nationstar Mortg., LLC*, 2018 WL 1994062 (W.D. Wash. Apr.
    27, 2018) .......................................................................................................13

6
7

*Diffley v. Nationstar Mortg., LLC*,
    2017 WL 6034367 (W.D. Wash. Dec. 6, 2017) ..........................................5

8
9

*Duncan v. Nw. Airlines, Inc.*,
    203 F.R.D. 601 (W.D. Wash. 2001) ............................................................18

10
11

*Eastwood v. Horse Harbor Foundation, Inc.*,
    170 Wn. 2d 380 (2010) .................................................................................13

12
13

*Esoimeme v. Wells Fargo Bank*,
    2011 WL 3875881 (E.D. Cal. Sept. 1, 2011) ............................................3

14

*Ford v. Aurora Loan Servs., LLC*,
    2011 WL 11650616 (C.D. Cal. Nov. 2, 2011) ..........................................8

15
16

*Galyean v. OneWest Bank, FSB*,
    2010 WL 5138396 (W.D. Wash. Dec. 9, 2010) ........................................14

17
18

*Garrison v. Asotin Cnty.*,
    251 F.R.D. 566 (E.D. Wash. 2008) ............................................................19

19
20

*Habchi v. Washington Mut. Bank FA (WaMu)*,
    2013 WL 12094830 (S.D. Cal. Dec. 27, 2013) .........................................8

21
22

*Hanson v. MGM Resorts Int'l*,
    2017 WL 3085694 (W.D. Wash. July 20, 2017) .......................................16

23
24

*Harik v. California Teachers Ass'n*,
    326 F.3d 1042 (9th Cir. 2003) ....................................................................19

25
26

*Hawkins v. Comparet–Cassani*,
    251 F.3d 1230 (9th Cir. 2001) ....................................................................16

MOTION TO DISMISS AND STRIKE - ii
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

*Hermosillo v. Caliber Home Loans, Inc*.,
   2017 WL 2653039 (D. Ariz. June 20, 2017), *appeal dismissed*,
   2018 WL 3584710 (9th Cir. Feb. 20, 2018) .................................................. 9

*Hernandez, et al. v. Wells Fargo & Company*,
   No. C 18-07354 WHA, Order Re Motion to Dismiss (June 3,
   2019) ........................................................................................... 10, 14

*Houman v. Wells Fargo Bank, N.A*.,
   2016 WL 7444869 (C.D. Cal. Feb. 5, 2016) ...................................... 3

*Johnson v. JP Morgan Chase Bank N.A*.,
   2015 WL 4743918 (W.D. Wash. Aug. 11, 2015) .......................... 14

*Jones v. Premier One Funding, Inc*.
   (N.D. Cal. Mar. 10, 2010) ............................................................. 8

*Lane* v. *Wells Fargo Bank, N.A*.,
   2013 WL 269133 (N.D. Cal. Jan. 24, 2013) ................................ 17

*Lane v. Wells Fargo Bank, N.A*.,
   2013 WL 3187410 (N.D. Cal. June 21, 2013) .............................. 18

*Mar Partners 1, LLC v. Am. Home Mortg. Servicing, Inc*.,
   2011 WL 11501 (N.D. Cal. Jan. 4, 2011) ....................................... 3

*Markle v. HSBC Mortg. Corp. (USA)*,
   844 F. Supp. 2d 172 (D. Mass. 2011) ......................................... 7, 8

*Mazza v. Am. Honda Motor Co*.,
   666 F.3d 581 (9th Cir. 2012) ........................................... 16, 17, 18

*McAfee v. Select Portfolio Servicing, Inc*.,
   193 Wn. App. 220 (2016) ............................................................ 15

*McGrew v. Countrywide Home Loans, Inc*.,
   2009 WL 10672902 (S.D. Cal. July 28, 2009) ............................... 8

*McMillan v. Wells Fargo Bank*,
   2013 WL 11522057 (D. Ariz. Apr. 11, 2013) .......................... 9, 15

MOTION TO DISMISS AND STRIKE - iii
NO. 2:19-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

*Mollicone v. Universal Handicraft, Inc.*,
  2017 WL 440257 (C.D. Cal. Jan. 30, 2017)....................................................16

*Mussat v. IQVIA Inc.*,
  2018 WL 5311903 (N.D. Ill. Oct. 26, 2018) ...................................................4

*Nieuwejaar v. Bank of Am., N.A.*,
  2014 WL 3396047 (W.D. Wash. July 10, 2014)..........................................12

*Om v. Bank of Am., N.A.*,
  2012 WL 12941701 (W.D. Wash. June 15, 2012) .......................................13

*Ormand v. Bank of Am. Corp.*,
  2012 WL 13130030 (N.D. Ga. Sept. 28, 2012)..............................................6

*Reyes-Aguilar v. Bank of Am., N.A.*,
  2014 WL 2917049 (N.D. Cal. June 24, 2014)................................................6

*Ridenour v. Bank of Am., N.A.*,
  23 F. Supp. 3d 1201 (D. Id. 2014)................................................................10

*Ringler v. Bishop White Marshall & Weibel, PS*,
  2013 WL 1816265 (W.D. Wash. Apr. 29, 2013) ........................................11

*San Joaquin Cmty. Hosp. v. Thompson*,
  2002 WL 34596496 (E.D. Cal. Aug. 13, 2002) ..........................................10

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009)..........................................................19

*Sandoval v. Ali*,
  34 F. Supp. 3d 1031 (N.D. Cal. 2014)..........................................................19

*Santoro v. CTC Foreclosure Serv.*,
  12 F. App'x 476 (9th Cir. 2001).....................................................................6

*Schanne v. Nationstar Mortg., LLC*,
  2011 WL 5119262 (W.D. Wash. Oct. 27, 2011).....................................10, 11

*Schnall v. AT & T Wireless Servs., Inc.*,
  171 Wn. 2d 260, 259 P.3d 129 (2011) ...........................................16, 17, 18

MOTION TO DISMISS AND STRIKE - iv
NO. 2:19-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

*Slimm v. Bank of Am. Corp.*,
    2013 WL 1867035 (D.N.J. May 2, 2013)........................................................9

*Smokiam RV Resort, LLC v. William Jordan Capital, Inc.*,
    2017 WL 4224408 (W.D. Wash. Sept. 22, 2017) .........................................13

*Spedus v. H&R Block Mortg. Co., Inc.*,
    2010 WL 11639839 (N.D. Cal. Mar. 22, 2010) .............................................8

*Stokes v. CitiMortgage, Inc.*,
    2015 WL 709201 (C.D. Cal. Jan. 16, 2015)..................................................19

*Toneman v. U.S. Bank Nat'l Ass'n for Bear Stearns Asset Backed*
    *Sec. Tr. 2004-AC7*,
    2013 WL 12132049 (C.D. Cal. Oct. 21, 2013), *aff'd sub nom.*
    *Toneman v. U.S. Bank, N.A.*, 628 F. App'x 523 (9th Cir. 2016)..................15

*Tran v. Bank of Am., N.A.*,
    2012 WL 5384929 (W.D. Wash. Nov. 1, 2012)............................................12

*US Bank NA for Truman 2012 SC2 Title Tr. v. Dirwayi*,
    2018 WL 1726402 (W.D. Wash. Apr. 10, 2018) ..........................................12

*Vasquez v. Wells Fargo Home Mortg.*,
    2012 WL 985308 (S.D. Cal. Mar. 22, 2012)................................................10

*Velasquez v. Chase Home Fin. LLC*,
    588 F. App'x 676 (9th Cir. 2014)..................................................................9

*Vien-Phuong Thi Ho v. ReconTrust Co., N.A.*,
    858 F.3d 568 (9th Cir. 2017), *cert. denied sub nom. Ho v.*
    *ReconTrust Co.*, 138 S. Ct. 504 (2017) ..........................................................6

*Wagner v. Advantix Lending, Inc.*,
    2009 WL 10698482 (C.D. Cal. Apr. 29, 2009)..............................................8

*Walters v. Vitamin Shoppe Indus., Inc.*,
    2018 WL 2424132 (D. Or. May 8, 2018)......................................................18

*Wamboldt v. Safety–Kleen Sys., Inc.*,
    2007 WL 2409200 (N.D. Cal. Aug. 21, 2007)..............................................19

MOTION TO DISMISS AND STRIKE - v
NO. 2:19-00052-TOR

*Zinser v. Accufix Research Inst., Inc.*,
253 F.3d 1180 (9th Cir. 2001), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001) ...........................................18

**Statutes**

5 U.S.C. § 553...........................................................................10

12 U.S.C. § 5201 *et seq.* ..........................................................8

12 U.S.C. § 5219........................................................................9

15 U.S.C. § 1639a(a)(1)............................................................7

15 U.S.C. § 1692a(4) .................................................................5

15 U.S.C. § 1692a(6) .................................................................5

**Other Authorities**

https://www.treasury.gov/initiatives/financial-stability/TARP-Programs/housing/mha/Documents_Contracts_Agreements/wellsfargobankna_Redacted.pdf ...........................................9

Fed. R. Civ. P. 12(f)..........................................................15, 19

Fed. R. Civ. P. 23(a) ................................................................19

MOTION TO DISMISS AND STRIKE - vi
NO. 2:19-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## I.    **INTRODUCTION**

Plaintiffs—Washington residents who obtained a mortgage for a Washington property—purport to bring a nationwide class action against the Wells Fargo defendants based on Wells Fargo Bank, N.A.'s alleged failure to modify their loan.  As shown herein, however, because Plaintiffs rely on statutes that have no application here, and on flawed legal theories courts repeatedly have rejected, their claims lack legal merit, and the Complaint should be dismissed.

Moreover, this case has threshold jurisdictional and standing problems regarding (1) the holding company and non-entity defendants Plaintiffs inexplicably have sued; and (2) the non-Washington absentee class members, who have no connection to Washington and no representative to pursue claims under their own states' laws. Whether on threshold or merits issues, the result is the same: the Court should dismiss the Complaint and, alternatively, strike the class allegations for Plaintiffs' state law claims.

## II.    **PLAINTIFFS' ALLEGATIONS**

Plaintiffs' claims arise out of their 2005 mortgage loan that was acquired and serviced by Wells Fargo Bank, N.A. ("WFBNA").  Compl. ¶ 25.  After Mr. Coordes lost his job during the financial crisis, Plaintiffs were not able to pay their mortgage.  *Id*. ¶ 26.  According to Plaintiffs, they sought a HAMP loan modification from WFBNA in 2010, which would have provided a three-month trial modification and – if the trial payments were made – a permanent loan modification.  *Id*. ¶ 18.  Plaintiffs allege WFBNA denied their application due to a calculation error in its modification software, which was publicly disclosed in 2018.  *Id*. ¶¶ 20-21.  Without alleging that Mr. Coordes found a new job that would have allowed Plaintiffs to successfully participate in either a trial or

MOTION TO DISMISS AND STRIKE - 1
NO. 2:19-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7707395.1

permanent modification, Plaintiffs allege this error resulted in foreclosure of the property in 2012.  *Id.* ¶¶ 20, 26, 28.

As Plaintiffs also allege, following public disclosure of the software error in the fall of 2018, WFBNA began a voluntary remediation program to assist affected borrowers.  *Id.* ¶¶ 20-23, 29.  Plaintiffs acknowledge they participated in that process, and that WFBNA paid them $40,000.  *Id.* ¶ 30.  A few months after receiving payment, Plaintiffs brought the instant class action on their own behalf and on behalf of the following nationwide class of borrowers:

> All persons who sought mortgage modifications from Wells Fargo between April 3, 2010, and October 20, 2015, and were denied due to an error acknowledged by Wells Fargo in Wells Fargo's mortgage underwriting software. The Class includes, but is not limited to, persons whom Wells Fargo sent or should have sent the notice referred to in paragraph 29.

*Id.* ¶ 31.

Without alleging any connection between putative out-of-state class members and Washington, Plaintiffs purport to bring state-law claims based on Washington's Consumer Protection Act ("WCPA"), as well as state-law claims for unjust enrichment, breach of the implied covenant of good faith and fair dealing, and negligence.  *Id.* ¶¶ 70-94.  Plaintiffs also bring a claim under the federal Fair Debt Collection Practices Act ("FDCPA") alleging, without any factual predicate, that Wells Fargo is a "debt collector."  *Id.* ¶ 55.  Finally, relying on a safe harbor provision dealing with mortgage investors, Plaintiffs also bring a federal statutory claim for violation of the Truth in Lending Act ("TILA").  *Id.* ¶ 64.

Plaintiffs bring each of these six claims against three defendants, with no allegations distinguishing among them: (1) WFBNA, which serviced Plaintiffs' loan and had a contractual relationship with them; (2) Wells Fargo Home

MOTION TO DISMISS AND STRIKE - 2
NO. 2:19-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Mortgage, which is not an entity at all but a division of WFBNA; and (3) Wells Fargo & Company, a bank holding company with which Plaintiffs allege no dealings or relationship whatsoever.

## III.   LEGAL ARGUMENT

### A.   Plaintiffs Have No Claim Against Wells Fargo & Company or Wells Fargo Home Mortgage.

Plaintiffs allege nothing substantive against Wells Fargo & Company ("WF & Co.") or non-entity Wells Fargo Home Mortgage ("WFHM"), yet assert all six claims against them as if they are one in the same as WFNBA. It is well-established that such "kitchen sink" allegations cannot survive a motion to dismiss. *See Esoimeme v. Wells Fargo Bank*, 2011 WL 3875881, *15 (E.D. Cal. Sept. 1, 2011), *report and recommendation adopted*, 2011 WL 5526068 (E.D. Cal. Nov. 14, 2011) ("[P]laintiff lumps all of the defendants together and simply alleges that they have all engaged in unfair business practices. Those allegations are insufficient to withstand a motion to dismiss under *Twombly*"); *see also Mar Partners 1, LLC v. Am. Home Mortg. Servicing, Inc*., 2011 WL 11501, at *3 (N.D. Cal. Jan. 4, 2011); *Brant v. Shea Mortg. Inc*., 2011 WL 1300360, *4 (D. Nev. Mar. 30, 2011). This approach is particularly troubling here, where Defendants attempted to meet and confer on this issue and resolve it informally. Without defending their allegations, Plaintiffs inexplicably have maintained them.

Nonetheless, Plaintiffs cannot cure the deficiency. First, because WFHM is not a separate, legal entity, but instead is an operating division of defendant WFNBA, Compl. ¶ 14, it is not a proper party. *See, e.g., Houman v. Wells Fargo Bank, N.A*., 2016 WL 7444869, at *9 n.9 (C.D. Cal. Feb. 5, 2016). Second, because WF & Co. is a holding company that does not transact business with

MOTION TO DISMISS AND STRIKE - 3
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7707395.1

consumers and had no relationship or dealings with Plaintiffs, *see* Compl. ¶ 13; RJN, Ex. A, it too should be dismissed. *See Allen v. Veterans Admin.*, 749 F.2d 1386 (9th Cir. 1984) (upholding district court's dismissal of action against improperly named defendant).

Finally, Plaintiffs' conclusory allegations fail to make even a minimal showing of personal jurisdiction against WF & Co. and WFHM. Plaintiffs, of course, have the burden of establishing personal jurisdiction and must make a *prima facie* showing of facts to support either general or specific jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). General jurisdiction applies only where a corporation is "at home": its state of incorporation or its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). Neither WF & Co. nor WFHM is "at home" in Washington. Compl. ¶¶ 12-14.

Nor have Plaintiffs alleged specific jurisdiction for those defendants; indeed, the Complaint does not allege those defendants had ***any*** contact with Washington, much less that Plaintiffs' claims arise from, or relate to, any such contacts with Washington. *Bristol-Myers Squibb v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1786 (2017). Accordingly, WF & Co. and WFHM must be dismissed for lack of personal jurisdiction.[1]

---

[1] While the individual Plaintiffs have alleged specific jurisdiction over WFBNA, jurisdiction ultimately is lacking as to the claims of putative class members outside Washington. Although Washington courts have not applied *Bristol-Myers Squibb* to unnamed class members under Rule 23, the law on this issue is in flux. Respectfully, the better-reasoned approach is to dismiss those claims for lack of personal jurisdiction. *See e.g., Mussat v. IQVIA Inc.*, 2018 WL 5311903, at *6 (N.D. Ill. Oct. 26, 2018) (the Rules Enabling Act requires "consistent and uniform application of defendants' due process rights" between "class actions under Rule 23" and "individual or mass actions."). WFBNA expressly reserves this defense.

MOTION TO DISMISS AND STRIKE - 4
NO. 2:19-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7707395.1

**B.    Plaintiffs' FDCPA Claim Fails on Its Face (First Cause of Action).**

**1.    Wells Fargo Is Not a "Debt Collector" Under the FDCPA.**

It is well-settled that the FDCPA applies only to "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6): (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) "[one] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  Here, Plaintiffs have pled themselves out of an FDCPA claim by admitting that Wells Fargo[2] owns their loan (Compl. ¶ 25), making Wells Fargo a "creditor," not a "debt collector," under the FDCPA. 15 U.S.C. § 1692a(4) (a creditor is "any person who offers or extends credit creating a debt *or to whom a debt is owed* … .") (emphasis added).  As the Ninth Circuit repeatedly has observed, "[t]he text of the FDCPA as well as its legislative history make clear that Congress did not intend the Act to encompass creditors." *Brooks v. Citibank (S. Dakota), N.A.*, 345 F. App'x 260, 262 (9th Cir. 2009) (citing S. Rep. at *2, U.S. Code Cong. & Admin. News 1977, pp. 1695, 1696-97); *see also Diffley v. Nationstar Mortg., LLC*, 2017 WL 6034367, at *7-8 (W.D. Wash. Dec. 6, 2017) (refusing to apply the FDCPA to a creditor).  Because Wells Fargo is not a "debt collector" under the FDCPA, the Court should dismiss Plaintiffs' First Cause of Action with prejudice.

---

[2] Again, Plaintiffs improperly lump the Wells Fargo defendants together as "Wells Fargo."  For simplicity's sake, we refer to "Wells Fargo" for the remainder of the brief, but as shown above, neither WF & Co nor non-entity WFHM is a proper defendant for any of Plaintiffs' claims.

MOTION TO DISMISS AND STRIKE - 5
NO. 2:19-00052-TOR

1

2    **2.    The FDCPA Does Not Apply to Loan Modification Communications.**

3        Only conduct that relates to "debt collection" is actionable under the

4    FDCPA.  *See, e.g., Vien-Phuong Thi Ho v. ReconTrust Co., N.A.*, 858 F.3d 568,

5    571 (9th Cir. 2017), *cert. denied sub nom. Ho v. ReconTrust Co*., 138 S. Ct. 504

6    (2017) ("The FDCPA subjects 'debt collectors' to civil damages for engaging in

7    certain abusive practices *while attempting to collect debts*") (emphasis added).

8    Here, Plaintiffs allege that Wells Fargo violated the FDCPA by wrongly denying

9    them a HAMP modification.  Compl. ¶¶ 57-58.  But multiple courts—including

10   courts in this Circuit—have held that modification-related communications (even

11   if by a "debt collector") are not "debt collection" under the FDCPA.

12       For example, in *Santoro v. CTC Foreclosure Serv.*, 12 F. App'x 476, 480

13   (9th Cir. 2001), the plaintiffs sued their loan servicer after the servicer rejected

14   their attempts to cure their deficiency through a modified payment plan.  The

15   Ninth Circuit affirmed dismissal, finding that the alleged conduct did not

16   constitute "debt collection." *Id.* at 480 (citation omitted). Similarly, in *Reyes-

17   Aguilar v. Bank of Am., N.A.*, 2014 WL 2917049 (N.D. Cal. June 24, 2014), the

18   court held that "the FDCPA does not apply to loan modifications, as such activity

19   is more debt servicing than debt collection."  *Id*. at *8 (quotations and citation

20   omitted).  As one court aptly explained, "[c]ourts which have addressed the issue

21   [of what constitutes "debt collection" under the FDCPA] have held that a

22   communication with a debtor is not a communication 'in connection with the

23   collection of any debt' when it does not demand any payment." *Ormand v. Bank

24   of Am. Corp*., 2012 WL 13130030, at *5 (N.D. Ga. Sept. 28, 2012), *report and

25   recommendation adopted*, 2012 WL 13130453 (N.D. Ga. Oct. 18, 2012) (citing

26   *Santoro* and collecting cases).  Here, because Plaintiffs' FDCPA claim is based

MOTION TO DISMISS AND STRIKE - 6
NO. 2:19-00052-TOR

707220.0255/7707395.1

on conduct that is not covered by the statute, it should be dismissed with prejudice.

**C.    The Court Should Reject Plaintiffs' Selective Quotation of TILA's "Safe Harbor" Provision, Which Does Not Provide Plaintiffs Any Rights or Remedies (Second Cause of Action).**

Plaintiffs' Second Cause of Action selectively quotes TILA's "safe harbor" provision, 15 U.S.C. § 1639a, in order to make it appear that they have a claim for relief.  Plaintiffs allege:

> TILA also provides specific duties to servicers of residential mortgages. 15 U.S.C. § 1639a. Among these duties is for a servicer to "reasonably determine that the application of such qualified loss mitigation plan to a mortgage will likely provide an anticipated recovery on the outstanding principal mortgage debt that will exceed the anticipated recovery through foreclosure."

Compl. ¶ 65.  Plaintiffs conveniently omit that the "duties" outlined in § 1639a apply to "investors" and "other parties" to whom servicers have a duty to maximize "net present value"—not to individual borrowers such as Plaintiffs. *See* 15 U.S.C. § 1639a(a)(1) ("to the extent that the servicer owes a duty to investors or other parties to maximize the net present value of such mortgages, the duty shall be construed to apply to all such investors and parties, and not to any individual party or group of parties").

Courts overwhelmingly agree, holding the statue does not provide borrowers a cause of action.  Instead, it does the opposite: "It exempts servicers from liability to investors for completing HAMP modifications and includes a safe harbor provision for any individual who cooperates with a servicer to effectuate a loss mitigation plan, such as a modification under HAMP." *Markle v. HSBC Mortg. Corp. (USA)*, 844 F. Supp. 2d 172, 184-85 (D. Mass. 2011).  In other words, "[w]hile the statute evinces an intent to encourage servicers to

MOTION TO DISMISS AND STRIKE - 7
NO. 2:19-00052-TOR

modify loans under HAMP, it likewise aims to protect servicers from liability for participating in HAMP and other loss-mitigation initiatives." *Id*. at 185; *see also Habchi v. Washington Mut. Bank FA (WaMu)*, 2013 WL 12094830, at *6 (S.D. Cal. Dec. 27, 2013); *Ford v. Aurora Loan Servs., LLC*, 2011 WL 11650616, at *7 (C.D. Cal. Nov. 2, 2011); *Spedus v. H&R Block Mortg. Co., Inc*., 2010 WL 11639839, at *2 (N.D. Cal. Mar. 22, 2010); *Jones v. Premier One Funding, Inc*., at *3 (N.D. Cal. Mar. 10, 2010); *McGrew v. Countrywide Home Loans, Inc*., 2009 WL 10672902, at *4 (S.D. Cal. July 28, 2009); *Wagner v. Advantix Lending, Inc*., 2009 WL 10698482, at *2 (C.D. Cal. Apr. 29, 2009).  The authority is so one-sided that Wells Fargo was able to locate only one case in any Circuit allowing a § 1639a claim to go forward. And there, the court did so without any analysis. *See Burkett v. Bank of Am., N.A.*, 2011 WL 4565881, at *4 (S.D. Miss. Sept. 29, 2011).  Plaintiffs' TILA claim fails as a matter of law and should be dismissed with prejudice.

**D.    Plaintiffs Cannot Base Their Washington Consumer Protection Act Claim on an Allegedly Wrongful HAMP Denial (Third Cause of Action).**

Through their WCPA claim, Plaintiffs attempt to enforce HAMP. Specifically, after alleging that they sought a modification under HAMP, Plaintiffs allege: "Defendants engaged in unfair and/or deceptive conduct by improperly rejecting the mortgage modification applications of [Plaintiffs] and the Class members who qualified for and should have received modification [sic]." Compl. ¶¶ 29, 73.  This claim fails as a matter of law.

HAMP was established pursuant to the Emergency Economic Stabilization Act of 2008, as amended by the American Recovery and Reinvestment Act of 2009 (the "Act"). 12 U.S.C. § 5201 *et seq*.  The Act directed the Department of

MOTION TO DISMISS AND STRIKE - 8
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Treasury to maximize assistance to homeowners and to encourage mortgage servicers to take advantage of government programs to minimize foreclosures. 12 U.S.C. § 5219.  In furtherance of those goals, the Department of Treasury, through Fannie Mae, entered into servicer participation agreements ("SPAs") with loan servicers, including Wells Fargo.[3]

It is well-settled that individual borrowers are not third-party beneficiaries of HAMP SPAs, and most courts have held that they thus have no standing to enforce HAMP, including through claims for negligence, unfair trade practices, and the like.  For example, in *Slimm v. Bank of Am. Corp*., 2013 WL 1867035, at *2 (D.N.J. May 2, 2013), the plaintiffs alleged that their bank agreed to a HAMP modification, but then improperly denied the modification.  The court dismissed the consumer fraud claim, concluding that it was based on HAMP, which does not provide borrowers a private right of action to enforce it.  *Id*. at *13; *see also Velasquez v. Chase Home Fin. LLC*, 588 F. App'x 676, 677 (9th Cir. 2014); *Hermosillo v. Caliber Home Loans, Inc*., 2017 WL 2653039, at *6 (D. Ariz. June 20, 2017), *appeal dismissed*, 2018 WL 3584710 (9th Cir. Feb. 20, 2018); *Dias v. Fed. Nat. Mortg. Ass'n*, 990 F. Supp. 2d 1042, 1055 (D. Haw. 2013); *McMillan v. Wells Fargo Bank*, 2013 WL 11522057, at *6 (D. Ariz. Apr. 11, 2013).

Plaintiffs attempt to avoid this result by disclaiming in footnote 2 that they are asserting a private right of action under HAMP.  But their own allegations belie this assertion, demonstrating instead that their WCPA claim is plainly based on Wells Fargo's alleged failures under HAMP.  *Compare* Compl. at 23, n. 2 *with*

---

[3] https://www.treasury.gov/initiatives/financial-stability/TARP-Programs/housing/mha/Documents_Contracts_Agreements/wellsfargobankna_Redacted.pdf.

MOTION TO DISMISS AND STRIKE - 9
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Compl. ¶ 73. Because those alleged failures cannot create a private right of action, the Court should dismiss the WCPA claim with prejudice. *See Vasquez v. Wells Fargo Home Mortg.*, 2012 WL 985308, at \*4 (S.D. Cal. Mar. 22, 2012).[4]

**E.    The Implied Covenant of Good Faith and Fair Dealing Cannot Be Used to Rewrite Plaintiffs' Loan Documents (Fourth Cause of Action).**

Under Washington law, "the duty of good faith and fair dealing exists only 'in relation to performance of a specific contract term.'" *Schanne v. Nationstar Mortg., LLC*, 2011 WL 5119262, at \*4 (W.D. Wash. Oct. 27, 2011) (quoting *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn. 2d 171, 177 (2004)); *Badgett v. Sec. State Bank*, 116 Wn. 2d 563, 569 (1991) (the duty "requires only that the parties perform in good faith the obligations imposed by their agreement"). Here, Plaintiffs do not point to any contractual provision on which this claim is based. Instead, the claim is based on the allegation that "Wells Fargo did not act in a

---

[4] Wells Fargo recognizes that a minority of courts have allowed plaintiffs to enforce HAMP through state-law causes of action. *See, e.g., Hernandez, et al. v. Wells Fargo & Company*, No. C 18-07354 WHA, Order Re Motion to Dismiss (June 3, 2019). However, this Court has yet to rule on the issue, and the better-reasoned, majority approach is that borrowers cannot base state-law claims on HAMP—particularly because HAMP does not have the force of law such that it can serve as the basis for imposing liability under state law theories of liability. *See, e.g., Ridenour v. Bank of Am., N.A.*, 23 F. Supp. 3d 1201, 1206 (D. Id. 2014) ("The HAMP guidelines are not regulations. Thus, they do not create legal duties, and the claim, as pled, should be dismissed."). Indeed, the HAMP guidelines were not subject to formal notice and comment rulemaking and were not published in the Federal Register, which is a requirement under the Administrative Procedures Act. *See* 5 U.S.C. § 553; *Chao v. Rothermel*, 327 F.3d 223, 227 (3d Cir. 2003). As a result, HAMP guidelines "lack[] the force or effect of law" and cannot underpin Plaintiffs' state-law claims. *San Joaquin Cmty. Hosp. v. Thompson*, 2002 WL 34596496, at \*9 (E.D. Cal. Aug. 13, 2002).

MOTION TO DISMISS AND STRIKE - 10
NO. 2:19-00052-TOR

manner consistent with the borrowers' objectively reasonable expectations." Compl. ¶ 80.  But, the parties' agreement—what is relevant here—did not require Wells Fargo to modify, or to even consider modifying, their loan.  Indeed, their security instrument does not mention modification at all, and instead gave Wells Fargo the absolute right to foreclose in the event of an uncured default.  *See* RJN, Ex. B.

*Badgett v. Sec. State Bank*, 116 Wn. 2d 563, is instructive.  There, the plaintiffs sued the defendant bank after it denied their request to restructure their loan.  There, the loan agreement did not require the bank to modify the loan or even consider modifying the loan.  Accordingly, the Washington Supreme Court refused to imply a duty of good faith to the parties' modification discussions, which would have rewritten their agreement.  *Id*. at 569-70.

The same is true here.  Allowing Plaintiffs' claim to proceed would impermissibly "create obligations on the parties in addition to those contained in the contract—a free floating duty of good faith unattached to the underlying legal document."  *Id*; *see also Schanne*, 2011 WL 5119262, at *4 (dismissing same claim where plaintiffs failed establish defendant breached any specific contract term "in foreclosing on the defaulted loan"); *Ringler v. Bishop White Marshall & Weibel, PS*, 2013 WL 1816265, at *2 (W.D. Wash. Apr. 29, 2013) ("Because Plaintiffs fail to allege that Defendants were bound by a specific contract term that obligates Defendants to affirmatively cooperate in Plaintiffs' efforts to restructure the loan agreement, the Court must grant Defendants' motion to dismiss this claim").

Plaintiffs' Fourth Claim for Relief should be dismissed with prejudice.

MOTION TO DISMISS AND STRIKE - 11
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**F.    Plaintiffs' Unjust Enrichment Claim Fails Because the Parties Had an Express Contract (Fifth Cause of Action).**

Plaintiffs allege that Wells Fargo was "unjustly enriched" by charges "resulting from the financial implications of the denial of mortgage modifications, including foreclosure." Compl. ¶ 85.  Under Washington law, however, "a party to a valid express contract is bound by the provisions of that contract and may not disregard the same and bring an action on implied contract relating to the same matter, in contravention of the express contract." *Tran v. Bank of Am., N.A.*, 2012 WL 5384929, at *5 (W.D. Wash. Nov. 1, 2012).  Here, because (1) Plaintiffs admit they had an express contract with Wells Fargo; and (2) that contract required Plaintiffs to make payments to Wells Fargo, did not require Wells Fargo to modify Plaintiffs' loan, and gave Wells Fargo the absolute right to foreclose in the event of an uncured default, this claim fails on its face and should be dismissed with prejudice.  *See, e.g., US Bank NA for Truman 2012 SC2 Title Tr. v. Dirwayi*, 2018 WL 1726402, at *7 (W.D. Wash. Apr. 10, 2018) ("It is undisputed that [plaintiffs] have failed to make full payments under the original loan terms. The [plaintiffs] have also failed to make all payments under the modifications.  Thus, they have failed to show that any opposing party has unjustly retained payments"); *Nieuwejaar v. Bank of Am., N.A.*, 2014 WL 3396047, at *9 (W.D. Wash. July 10, 2014) ("Plaintiffs were legally obligated to make payments on their mortgages, and so any benefit conferred on the recipient of those payments, barring evidence that Plaintiffs are at risk of making duplicate payments, is not inequitable").

MOTION TO DISMISS AND STRIKE - 12
NO. 2:19-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**G.    Plaintiffs' Negligence Claim Fails for Lack of Duty (Sixth Cause of Action).**

Plaintiffs' negligence claim alleges two bases for a duty of care: first, that "independent from" the parties' contract, Wells Fargo owed a duty to "exercise reasonable care in the modification process," and second, that Wells Fargo owed a duty to "exercise reasonable care in the development and execution of [] software programs." Compl. ¶¶ 90-91.

These conclusory allegations fail under Washington's independent duty doctrine, which provides that a tort duty arises between contracting parties only if it arises "independently" of the contract terms. As explained in *Eastwood v. Horse Harbor Foundation, Inc.*, 170 Wn. 2d 380, 394 (2010), "an injury is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract." Thus, if there is no independent duty arising outside of a party's contractual duties, there can be no tort remedy. *Id.*

Here, despite Plaintiffs' contrary, conclusory allegations, their negligence claim fails because the parties' relationship admittedly was governed by a contract, and Wells Fargo owed Plaintiffs no independent duties as a matter of law. *See Diffely v. Nationstar Mortg., LLC*, 2018 WL 1737780, at *12, *reconsideration denied sub nom. Diffley v. Nationstar Mortg., LLC*, 2018 WL 1994062 (W.D. Wash. Apr. 27, 2018) (dismissing negligence claim against Wells Fargo arising out of allegedly mishandled loan modification process because the independent duty doctrine barred the claim); *Smokiam RV Resort, LLC v. William Jordan Capital, Inc.*, 2017 WL 4224408, at *4 (W.D. Wash. Sept. 22, 2017) ("a loan service provider owes no duty of care to a borrower under … Washington law"); *Om v. Bank of Am., N.A.*, 2012 WL 12941701, at *6 (W.D. Wash. June 15, 2012) (dismissing with prejudice negligence claim against servicer based on

MOTION TO DISMISS AND STRIKE - 13
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7707395.1

allegedly mishandled loan modification because the parties' "relationship is governed by contract and there is no independent duty"); *Galyean v. OneWest Bank, FSB*, 2010 WL 5138396, at *2 (W.D. Wash. Dec. 9, 2010) ("Because a contract exists between the lender and Plaintiff, Plaintiff is bound to pursue only contractual remedies flowing from the contract for purely economic damages").

Nor can Plaintiffs base their negligence claim on an unspecified duty to "exercise reasonable care in the development and execution of [] software programs." Compl. ¶ 91. Indeed, the Western District of Washington rejected a similar claim in *Johnson v. JP Morgan Chase Bank N.A.*, 2015 WL 4743918 (W.D. Wash. Aug. 11, 2015), where the plaintiffs brought a negligence claim against their loan servicer based on its alleged bad faith conduct during the loan modification process. *Id*. at *1-3. Like Plaintiffs here, the *Johnson* plaintiffs purported to disclaim any claims under HAMP. *Id*. at *8. Instead, they argued that the servicer had a duty to maximize net present value under its investor agreements. *Id*. at *8. The court held that these allegations could not sustain a negligence claim against the servicer: "Plaintiffs fail to show even that if [servicer] had a duty [ ] that that duty was owed to them and not the beneficiaries under the [investor agreements]." *Id*.; *see also Hernandez, et al. v. Wells Fargo & Company*, No. C 18-07354 WHA, Order Re Motion to Dismiss (June 3, 2019) at 12-13 (dismissing negligence claim based on similar modification software allegations because "merely engaging in the loan modification process is insufficient to give rise to a duty of care").[5]

Here, Plaintiffs do not point to anything giving rise to Wells Fargo's "software development" duties, nor do their allegations support a plausible

---

[5]  Defendants identify the *Hernandez* case for the Court as a case involving similar allegations.

MOTION TO DISMISS AND STRIKE - 14
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

conclusion that Wells Fargo owed any such duties *to them*.  Indeed, Plaintiffs' protestations aside, it is apparent that their negligence claim does seek to enforce Wells Fargo's duties under HAMP.  *See* Compl. ¶¶ 17-19.  As demonstrated above, however, borrowers cannot pursue claims under HAMP, including negligence claims which purport to impose duties under HAMP.  *See, e.g.*, *McAfee v. Select Portfolio Servicing, Inc.*, 193 Wn. App. 220, 231-32 (2016) ("HAMP does not create a private right of action.") (collecting cases); *Toneman v. U.S. Bank Nat'l Ass'n for Bear Stearns Asset Backed Sec. Tr. 2004-AC7*, 2013 WL 12132049, at *16 (C.D. Cal. Oct. 21, 2013), *aff'd sub nom. Toneman v. U.S. Bank, N.A.*, 628 F. App'x 523 (9th Cir. 2016) ("to the extent plaintiffs base their negligence claim on an alleged entitlement to a loan modification under HAMP, their claim is an improper attempt to privately enforce HAMP when Congress granted no such private right of action"); *McMillan*, 2013 WL 11522057 at *7 ("Plaintiffs cannot state a claim with respect to Wells Fargo's alleged negligence in administering HAMP because that program provides no private right of action").

For these reasons, the Court should dismiss Plaintiffs' negligence claim with prejudice.

## H.    Plaintiffs' State Law Claims Are Not Suitable for Class Treatment.

Even if the Court does not dismiss Plaintiffs' state law claims in their entirety, they are not suitable for class treatment, whether on a nationwide or single-state basis.  The Court should strike Plaintiffs' class allegations for those claims under Rule 12(f) accordingly.

MOTION TO DISMISS AND STRIKE - 15
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**1.    Plaintiffs' State Law Claims Cannot Proceed on a Nationwide Basis.**

Although Plaintiffs purport to allege state law claims on behalf of a putative nationwide class (Compl. ¶¶ 77-94),[6] the law is clear that they cannot proceed on that basis.  Rather, as courts within this Circuit repeatedly have held, Plaintiffs—both Washington residents—lack Article III standing to assert claims under the laws of states outside of Washington,[7] and nationwide class claims of the sort alleged here cannot proceed under a single state's law.

A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law.  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012).  Under Washington's choice of law rules, the Court must enforce the provisions of the putative class members' mortgages,[8] which require application of their own states' laws to the claims alleged here.  *See Schnall v. AT & T Wireless Servs., Inc.*, 171 Wn. 2d 260, 269, 259 P.3d 129, 133 (2011) (enforcing choice of law provisions in consumers' contracts and holding that *nationwide* class action is not certifiable); *Lane* v.

---

[6] It appears that Plaintiffs seek to pursue the Washington Consumer Protection Act claim only on behalf of Washington borrowers.  *See* Compl. ¶ 71 ("Plaintiffs Monty and Michelle Coordes bring this claim on their own behalf and on behalf of each Washington member of the Class described above.").  However, Plaintiffs have not alleged or defined a Washington subclass, which is yet another problem with their Complaint.

[7] *See Hawkins v. Comparet–Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001); *Hanson v. MGM Resorts Int'l*, 2017 WL 3085694, at *2 (W.D. Wash. July 20, 2017) ("Where ... a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal") (citation omitted); *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 990 (N.D. Cal. 2016); *Mollicone v. Universal Handicraft, Inc.*, 2017 WL 440257, at *9 (C.D. Cal. Jan. 30, 2017).

[8] *See* RJN, Ex. B, ¶ 15 ("This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. … .").

MOTION TO DISMISS AND STRIKE - 16
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7707395.1

*Wells Fargo Bank, N.A.*, 2013 WL 269133, at *4 (N.D. Cal. Jan. 24, 2013) (upholding choice-of-law provision and prohibiting any putative class member from pursuing claims under the laws of any state other than the state where his/her property was located); *Cannon v. Wells Fargo Bank, N.A.*, 917 F. Supp. 2d 1025, 1051 (N.D. Cal. 2013) (same choice of law provision required application of Florida law to Florida plaintiffs' contract and tort claims). Thus, any state law claims asserted on behalf of non-Washington class members must proceed, if at all, under the laws of those individual borrowers' states.

Even if the underlying mortgages did not already require the application of varying states' laws, the result would be the same under Washington's application of the "significant relationship" test. *See Schnall*, 171 Wn. 2d at 267 (noting that Washington courts have adopted the "significant relationship" test in section 145 of the Restatement, "which gives *great weight* to the place where the parties' relationship was centered") (emphasis added). Plaintiffs do not (and cannot) allege any facts suggesting that the most significant contacts exist in Washington for all putative class members such that its law should apply nationwide. Rather, the class members' respective home states would have the most significant relationship to their causes of action. *Id*. (precluding nationwide application of Washington law to contract claims); *see also Coe v. Philips Oral Healthcare Inc.*, 2014 WL 5162912, at *5 (W.D. Wash. Oct. 14, 2014) (same for consumer protection claims).

Critically, material variation in the states' laws forecloses any possibility that those claims could proceed on a nationwide basis, as the Ninth Circuit's decision in *Mazza* and numerous cases following it make clear. *Mazza*, 666 F.3d at 589-90 (disputed issues of law would create a different outcome for each of the state law claims Plaintiff attempts to apply to a nationwide class); *Coe*, 2014

MOTION TO DISMISS AND STRIKE - 17
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7707395.1

WL 5162912, at *4 (preemptively denying certification of nationwide WCPA claim); *Schnall*, 171 Wash. 2d at 271 (affirming denial of nationwide certification of contract claims and finding "an overwhelming number of federal courts have denied certification of nationwide state-law class actions"); *Lane v. Wells Fargo Bank, N.A.*, 2013 WL 3187410, at *4 (N.D. Cal. June 21, 2013) (denying certification of nationwide class and finding variation in the law of the implied covenant of good faith and fair dealing); *Walters v. Vitamin Shoppe Indus., Inc.*, 2018 WL 2424132, at *6 (D. Or. May 8, 2018), *report and recommendation adopted*, 2018 WL 2418544 (D. Or. May 29, 2018) (holding that "variations in state law preclude certification of a nationwide class on the unjust enrichment claim" and noting that "[n]o court in this Circuit has certified a nationwide unjust enrichment class since *Mazza*"); *Duncan v. Nw. Airlines, Inc.*, 203 F.R.D. 601, 613–14 (W.D. Wash. 2001) (denying certification of nationwide class and noting state law variation in the law of negligence); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1188 (9th Cir. 2001), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001) (affirming denial of certification and finding the laws of negligence "differ in some respect from state to state") (internal quotation omitted).

Given this well-established variation in the laws governing the very state law claims Plaintiffs allege here, the Court should strike the nationwide class allegations for those claims.    *Walters*, 2018 WL 2424132 at *8 (striking

MOTION TO DISMISS AND STRIKE - 18
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7707395.1

nationwide class allegations under Rule 12(f)); *Coe*, 2014 WL 5162912, at *4 (preemptively denying certification of nationwide WCPA claim).[9]

## 2. Plaintiffs Do Not (and Cannot) Allege that a Washington Class Is Sufficiently Numerous.

Finally, even if Plaintiffs had alleged or defined a Washington-only sub-class, it would fail at the first requirement of Rule 23(a), which requires that Plaintiffs demonstrate numerosity. "Generally, 40 or more members will satisfy the numerosity requirement." *Garrison v. Asotin Cnty.*, 251 F.R.D. 566, 569 (E.D. Wash. 2008); *see also Wamboldt v. Safety–Kleen Sys., Inc.*, 2007 WL 2409200, at *11 (N.D. Cal. Aug. 21, 2007) ("[N]umerosity is satisfied if the class comprises 40 or more members."); *Harik v. California Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003) (vacating class on numerosity grounds and noting that "[t]he Supreme Court has held fifteen is too small") (citing *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980)). Although Plaintiffs allege that the proposed class may contain "at least 870 members" on a nationwide basis, Compl. ¶ 33, Plaintiffs do not (and cannot) allege that a Washington only-subclass is so numerous that joinder of all members would be impractical. Accordingly, Plaintiffs' state law claims are unsuitable for class treatment even on a single-state basis.

---

[9] *See also, e.g.*, *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 989-90 (N.D. Cal. 2009) (granting motion to strike class allegations under Rule 12(f)); *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) (same); *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043-44 (N.D. Cal. 2014) (same).

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7707395.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# IV.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety, with prejudice.

DATED: June 25, 2019

LANE POWELL PC


By *s/Erin M. Wilson*
Rudy A. Englund, WSBA 04123
Pilar C. French, WSBA 33300
Erin M. Wilson, WSBA 42454

Amanda L. Groves (*admitted pro hac vice*)
Kobi K. Brinson (*admitted pro hac vice*)
WINSTON & STRAWN, LLP
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202
agroves@winston.com
kbrinson@winston.com

*Attorneys for Defendants*

MOTION TO DISMISS AND STRIKE - 20
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on June 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will automatically generate a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED this 25th day of June, 2019, at Seattle, WA.

By *s/Erin M. Wilson*
Erin M. Wilson, WSBA No. 42454
1420 Fifth Ave #4200
P O Box 91302
Seattle, WA 98111
Ph: 206-223-7432
Fx: 206-223-7107
Email: wilsonem@lanepowell.com
Attorneys for Defendants

MOTION TO DISMISS AND STRIKE - 21
NO. 2:19-00052-TOR

707220.0255/7707395.1