UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONTY AND MICHELLE COORDES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | NO. 2:19-CV-0052-TOR<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ACTION COMPLAINT |

BEFORE THE COURT is Defendant's Motion to Dismiss and Strike Amended Class Action Complaint (ECF No. 26). This matter was heard with oral argument on October 18, 2019. Gretchen F. Cappio and Matthew J. Preusch appeared on behalf of Plaintiffs. Amanda L. Groves and Rudy A. Englund appeared on behalf of Defendant. The Court has reviewed the record and files herein and considered the parties' oral arguments, and is fully informed. For the reasons discussed below, the Court **GRANTS IN PART** Defendant's Motion to

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ACTION COMPLAINT ~ 1

Dismiss and **DENIES** Defendant's Motion to Strike Amended Class Action Complaint (ECF No. 26).

## BACKGROUND

This case arises out of Defendant Wells Fargo N.A.'s ("Wells Fargo") use of flawed software to deny Plaintiffs' request for a mortgage modification in connection with a federal program created in the aftermath of the 2008 financial crisis. The following facts are drawn from Plaintiffs' Amended Complaint and construed in the light most favorable to Plaintiffs. *Schwarz v. United States*, 234 F.3d 428, 436 (9th Cir. 2000).

In 2005, Plaintiffs Monty and Michelle Coordes built a new home in Spokane Valley, Washington, secured by a mortgage serviced and later acquired by Defendant. ECF No. 25 at 2, ¶ 1. In early 2010, as a result of the economic downturn, Mr. Coordes became temporarily unemployed. *Id.* at ¶ 2. In March 2010, Plaintiffs contacted Defendant to seek assistance making their mortgage payments and to request relief in the form of a mortgage loan modification. *Id.* In July 2010, Mr. Coordes obtained full-time employment. ECF No. 25 at 2, ¶ 3. In August 2010, Plaintiffs were offered a trial modification, which would have required Plaintiffs to pay back payments and penalties that Plaintiffs could not afford. *Id.*

In January 2011, Plaintiffs filed for Chapter 13 bankruptcy and their bankruptcy plan was approved in May. ECF No. 25 at 2, ¶ 4. In July 2011, Plaintiffs again sought a mortgage modification from Defendant. *Id.* In December 2011, Defendant rejected Plaintiffs' mortgage modification application. ECF No. 25 at 3, ¶ 6. In January 2012, Plaintiffs lost their home in a foreclosure sale. *Id.*

In August 2018, Defendant disclosed that a calculation error in its internal mortgage loan modification underwriting software resulted in the improper denial of approximately 625 modification applications that should have been granted. ECF No. 25 at 3, ¶ 7. Defendant discovered this software error as early as 2015. ECF No. 25 at 4, ¶ 9. The error was reported to be an "automated miscalculation of attorneys' fees that were included for purposes of determining whether a customer qualified for a mortgage loan modification pursuant to the requirements of government-sponsored enterprises…." ECF No. 25 at 7, ¶ 26. In November 2018, Defendant disclosed that the number of wrongful denials had been updated to 870. ECF No. 25 at 3, ¶ 7.

In a notice dated September 11, 2018, Defendant contacted Plaintiffs to inform them that their mortgage loan modification was erroneously denied based on the calculation error. ECF No. 25 at 12, ¶ 46. Attached to the letter was a check for $15,000. ECF No. 25 at 12, ¶ 47. In November 2018, Plaintiffs

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ACTION
COMPLAINT ~ 3

undertook mediation with Defendant and were awarded an additional $25,000. ECF No. 25 at 12, ¶ 48.

On July 19, 2019, Plaintiffs filed an Amended Complaint against Defendant claiming violation of the Washington Consumer Protection Act ("CPA") and unjust enrichment. ECF No. 25 at 17-20, ¶¶ 69-87. On August 9, 2019, Defendant filed the instant Motion to Dismiss and Strike Class Action Complaint.[1] ECF No. 26.

## DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

---

[1] Defendant's first Motion to Dismiss and Strike Class Action Complaint (ECF No. 20) is based on Plaintiff's original complaint and is therefore denied as moot.

omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit.

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences. *Id*.

The Court "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citation omitted). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

**B. Consideration of Supporting Exhibits**

In support of their briefing on the pending motion to dismiss, both sides submitted substantial supporting exhibits and requested the Court take judicial notice of these documents. ECF Nos. 26-2, 33, 35-1.

"Review [of a motion to dismiss] is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). "Generally, district courts may not consider material outside the pleadings when assessing" a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a

Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

However, in considering a motion to dismiss, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv.*, 540 F.3d at 1061 (*citing Tellabs*, 551 U.S. at 322). The Court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). This includes "records and reports of administrative bodies." *Ritchie*, 342 F.3d at 909 (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)). While the Court has discretion to take notice of certain materials, "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998. "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint." *Id.* at 1003.

1. *Plaintiffs' Supporting Exhibits*

Plaintiffs request the Court take judicial notice of four consent orders from the United States Department of the Treasury, Comptroller of the Currency; a court

order and two filings from *Hernandez v. Wells Fargo Bank, N.A.*, No. 3:18-cv-07354-WHA, in the Northern District of California ("the *Hernandez* documents"); and a copy of the September 11, 2018 letter Plaintiffs received from Defendant notifying Plaintiffs of the calculation error. ECF No. 33.

First, Plaintiffs argue that the consent orders are subject to notice as agency records. ECF No. 33 at 4. Plaintiffs' brief refers to these orders as evidence of "relevant information, context, and background regarding Wells Fargo's concealment of its wrongful foreclosure of Plaintiffs' home and those of other class members." ECF No. 32 at 18. Plaintiffs do not identify "discrete facts" of which they seek the Court's notice from these orders, so the Court construes these exhibits as a request for notice of "a number of whole documents." *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 649-50 (7th Cir. 2011). Even if these orders are public agency documents, Plaintiffs appear to offer these orders to generally bolster their claims made in the complaint. Because the Court's inquiry at this stage in the proceedings is to consider the merits of the complaint on its face, the Court declines to take judicial notice of the consent orders at this time to

establish general background about the alleged misconduct.[2] *See Twombly*, 550 U.S. at 570.

Second, Plaintiffs argue the *Hernandez* documents are subject to judicial notice as court filings from a proceeding with a direct relation to matters at issue in the present case. ECF No. 33 at 4. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)). The attached *Hernandez* Second Amended Complaint similarly alleges Wells Fargo wrongfully foreclosed on customers' homes based on a software error and seeks relief as a class. ECF No. 33-1. Because *Hernandez* deals with similar conduct by the same Defendant as in this case, the Court takes judicial notice of the *Hernandez* filings.

---

[2] This holding does not extend to the April 13, 2011 Consent Order, Docket No. 11-025-B-HC, which is attached as an exhibit to Plaintiffs' Amended Complaint at ECF No. 25-1 and is therefore subject to consideration at this stage. *See Metzler Inv.*, 540 F.3d at 1061.

Third, Plaintiffs urge the Court to take judicial notice of the September 11, 2018 letter from Defendant notifying Plaintiffs of the error in Defendant's denial of Plaintiffs' loan modification application. ECF No. 33 at 4. A court may take judicial notice of a document that has been incorporated by reference into the complaint, meaning the plaintiff refers extensively to the document in the complaint or the document forms the basis of the plaintiff's claim. *Ritchie*, 342 F.3d at 908. Here, the notification letter is referenced throughout Plaintiffs' Amended Complaint, including an excerpt of the letter's body. ECF No. 25 at 11-12, ¶¶ 45-46. Because the notification letter is incorporated into the Amended Complaint by reference, it is properly subject to judicial notice.

*2. Defendant's Supporting Exhibits*

Defendant requests the Court take judicial notice of the deed of trust governing Plaintiffs' mortgage and a motion to dismiss and declaration filed in *Hernandez*. ECF Nos. 26-2, 35-1.

First, Defendant argues the deed of trust is subject to notice because it is both a matter of public record and incorporated by reference into the Amended Complaint. ECF no. 26-2 at 2. Although the Amended Complaint does not discuss the deed of trust by name, it does allege Plaintiffs built a new home that was secured by a mortgage serviced by Defendant. ECF No. 25 at 8, ¶ 32.

Moreover, the deed of trust is a matter of public record. *Lee*, 250 F.3d at 688-89. Accordingly, the Court takes judicial notice of the deed of trust.

Second, Defendant argues that Defendant's Motion to Dismiss First Amended Class Action Complaint and supporting declaration filed in *Hernandez* are subject to judicial notice for the same reasons as Plaintiffs' *Hernandez* documents. ECF No. 35-1 at 1-3. The Motion to Dismiss is a proceeding in another federal district with a direct relation to the matters at issue in this case. *Robinson Rancheria*, 971 F.2d at 248. Therefore, the motion and its supporting legal arguments are subject to judicial notice.

The declaration of Robert Ferguson in support of the motion, however, differs from both parties' other *Hernandez* exhibits in that the Ferguson declaration seeks to establish disputed facts rather than to apprise this Court the similar legal arguments made in the Northern District of California. ECF No. 35-3 at 2-33. The Ferguson declaration purports to identify the loans that were potentially impacted by the calculation error at issue in this case. ECF No. 35-3 at 3. This information is not "generally known," nor can it be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, a court "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir.

2011). Accordingly, the Ferguson declaration is not subject to judicial notice.

**C. Washington Consumer Protection Act**

Defendant moves to dismiss Plaintiffs' CPA claim for failure to state a claim. ECF No. 26 at 15-19. Specifically, Defendant argues Plaintiffs' CPA claim is an impermissible attempt to enforce the federal Home Affordable Modification Program ("HAMP"), which creates no private right of action. ECF No. 26 at 15-16.

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The elements of a CPA claim are: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). "[A]n act or practice can be unfair without being deceptive …." *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1187 (Wash. Ct. App. 2013). Here, Plaintiffs have alleged that Defendant unfairly denied Plaintiffs' request for a mortgage modification, based on an error in Defendant's software that impacted hundreds of consumers in a similar way, resulting in the ultimate

foreclosure of Plaintiffs' home and associated financial consequences. ECF No. 25 at 5-12, ¶¶ 19-48. Construing the factual allegations in the light most favorable to Plaintiffs, these allegations are sufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Defendant argues that Plaintiffs' CPA claim is precluded because it is merely an attempt to enforce HAMP. ECF No. 26 at 16-18. In 2009, the Treasury Department "started the HAMP program to incentivize banks to refinance mortgages of distressed homeowners so they could stay in their homes. Home loan servicers … signed Servicer Participation Agreements with Treasury that entitled them to $1,000 for each permanent modification they made, but required them to follow Treasury guidelines and procedures." *Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 880 (9th Cir. 2013), *as amended on reh'g in part* (Sept. 23, 2013). Plaintiffs agree with Defendant's argument that HAMP does not itself create a federal cause of action. ECF No. 32 at 15-16.

However, "[t]he absence of a private right of action from a federal statute provides no reason to dismiss a claim under a state law just because it refers to or incorporates some element of the federal law." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 581 (7th Cir. 2012); *Corvello*, 728 F.3d at 883-84 (approving of *Wigod*'s reasoning to allow California state law contract claim over HAMP violation to proceed). As the Western District of Washington explained in another

case involving a CPA claim over HAMP-related conduct, "the alleged FHA-HAMP violations are a 'component' of the CPA claim … but the CPA is ultimately its own statutory cause of action." *Syed v. Bank of America, N.A.*, No. C16-1183-JCC, 2016 WL 9175632, at *4 (W.D. Wash. Nov. 22, 2016); *see also Hernandez v. Wells Fargo & Co.*, No. C18-07354 WHA, 2019 WL 2359198, at *6 (N.D. Cal. June 3, 2019) (finding HAMP did not preclude state law claims alleging unfair and misleading business practices surrounding Wells Fargo's mortgage modification software). Plaintiffs' claim for relief similarly involves conduct related to Defendant's participation in HAMP but seeks to enforce a separate state cause of action rather than the actual terms of Defendant's HAMP agreement.

In support of its argument, Defendant cites a series of district cases in this circuit and one unpublished circuit opinion to demonstrate that HAMP does not create a private right of action. ECF No. 26 at 16. However, these cases are distinguishable as attempts to enforce HAMP itself despite HAMP not providing a private right of action. *See, e.g., Velasquez v. Chase Home Fin. LLC*, 588 F. App'x 676, 677 (9th Cir. 2014) (affirming dismissal of wrongful foreclosure claim brought under HAMP); *McMillan v. Wells Fargo Bank*, No. CV-12-01921-PHX-NVW, 2013 WL 11522057, at *6 (D. Ariz. Apr. 11, 2013) ("Plaintiffs therefore cannot state a claim based on Wells Fargo's alleged failure to comply with HAMP or modify Plaintiffs' loan based on their participation in a [HAMP trial period

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ACTION COMPLAINT ~ 14

plan]."), *overruled by Corvello*, 728 F.3d at 883-84 (allowing contract claims to proceed over Wells Fargo's noncompliance with HAMP trial period plan requirements). In this case, Plaintiffs allege Defendant wrongfully denied their mortgage modification application and failed to disclose for three years the software error that caused the wrongful application denial. ECF No. 25 at ¶¶ 77-78.[3] Although this conduct is related to Defendant's HAMP participation, Plaintiffs do not seek to enforce HAMP. Instead, Plaintiffs allege this conduct constitutes unfair or deceptive conduct in violation of the CPA. *Id.* HAMP is involved in this case as a "component" of the CPA claim. *Syed*, 2016 WL 9175632, at *4. Accordingly, Plaintiffs' claim is not an improper attempt to enforce Defendant's HAMP agreement. Construing the allegations in Plaintiffs' favor, Plaintiffs have alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Defendant's motion to dismiss on this ground is DENIED.

---

[3] The Court notes that Plaintiffs' response brief further alleges Defendant's failure to properly test, monitor, and modify its software; failure to utilize accurate tools to process mortgage modification applications; and misrepresentations regarding the same also constitute unfair practices in violation of the CPA. ECF No. 32 at 14-15. These allegations are absent from the complaint.

**D. Unjust Enrichment**

Defendant moves to dismiss Plaintiffs' unjust enrichment claim on the grounds that the existence of an express contract between the parties precludes a quasi-contract claim. ECF No. 26 at 12-15.

"Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008). The elements of an implied contract unjust enrichment claim are "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust of the defendant to retain the benefit without payment." *Id.* However, "[a] party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract." *Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97, 103 (Wash. 1943).

Here, Plaintiffs allege Defendant was unjustly enriched when Plaintiffs conferred the benefits of penalties, fees, foreclosed property, and back payments upon Defendant. ECF No. 25 at 19-20, ¶ 84. However, Defendant accurately notes that the relationship between Plaintiffs and Defendant were governed by contract through the deed of trust, and that the contract's terms govern loan payments, fees, past due amounts, and foreclosure proceedings. ECF No. 26 at 14;

*see* ECF No. 26-4 at 4-13, ¶¶ 1-2, 14, 22. Unlike the cases Plaintiffs cite, Plaintiffs have not alleged facts in the complaint to indicate that the benefits conferred to Defendant were sufficiently separate from the terms of the written contract so as to support a quasi-contract claim. *See, e.g., Gerber v. First Horizon Home Loans Corp.*, No. C05-1554P, 2006 WL 581082, at *3 (W.D. Wash. Mar. 8, 2006) (allowing unjust enrichment claim to proceed where plaintiff alleged defendant "conditioned its performance on payments to which it is *not* entitled under the contract") (emphasis in original); *Beyer v. Countrywide Home Loans Servicing LP*, No. C07-1512MJP, 2008 WL 1791506, at *11 (W.D. Wash. Apr. 18, 2008), *aff'd*, 359 F. App'x 701 (9th Cir. 2009) (same). Because the benefits alleged to be the subject of the unjust enrichment are governed by the parties' express contract, Plaintiffs are not able to maintain their unjust enrichment claim. *Chandler*, 137 P.2d at 103. Defendant's motion to dismiss the unjust enrichment claim is GRANTED.

Plaintiffs request leave to amend their complaint to alternatively plead claims for breach of contract and breach of the covenant of good faith and fair dealing. ECF No. 32 at 19. Plaintiffs imply that they brought quasi-contract claims in reliance on arguments Defendant made in a similar case in the Northern District of California. *Id.*; *see Hernandez*, 2019 WL 2359198, at *8-9. Although Plaintiffs imply bad faith in Defendant's allegedly inconsistent positions about

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ACTION
COMPLAINT ~ 17

whether contract terms govern the relationships in *Hernandez* and this case, the Court does not find Defendant's arguments to be inconsistent. Regardless, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Here, where Defendant has allegedly already conceded error in its denial of Plaintiffs' loan modification application, justice requires such leave.

### E. Motion to Strike Class Action Allegations

Defendant moves to strike Plaintiffs' class action allegations. ECF No. 26 at 19-24. "[I]n the context of a motion to *strike* class allegations, in particular where such a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is *not* certifiable." *Bates v. Bankers Life and Cas. Co.*, 993 F. Supp. 2d 1318, 1340-41 (D. Or. 2014) (emphasis in original).

As a threshold matter, the Court must determine the scope of the class allegations at issue. The Amended Complaint alleges a nationwide class of "[a]ll persons who sought a mortgage modification from Wells Fargo between April 13, 2010, and October 20, 2015, and were denied due to an error Wells Fargo acknowledged in its mortgage underwriting software." ECF No. 25 at 12-13, ¶ 49. Plaintiffs' CPA claim is brought on Plaintiffs' own behalf and on behalf of each Washington member of the class. ECF No. 25 at 17, ¶ 70. Plaintiffs' unjust enrichment claim is brought on Plaintiffs' own behalf and on behalf of the

nationwide class. ECF No. 25 at 19, ¶ 82. Because the Court dismissed Plaintiffs' unjust enrichment claim *supra*, Plaintiffs no longer have standing to assert that claim on behalf of a class. *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("[E]ven named plaintiffs who represent a class 'must allege and show they have been personally injured…'") (citation omitted). Defendant's arguments regarding the nationwide class are therefore moot.[4] Accordingly, the relevant inquiry for Defendant's Motion to Strike now becomes Plaintiffs' CPA claim on behalf of Washington members of the class.

Defendant argues that Plaintiffs do not and cannot allege that a Washington class is sufficiently numerous to sustain a class action. ECF No. 26 at 24. A class action may proceed only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Fifteen class members is not sufficiently numerous. *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003) (citing *Gen. Tel. Co. v. EEOC*, 445 U.S. 318, 330 (1980)). "Generally, 40 or more members will satisfy the numerosity requirement." *Garrison v. Asotin Cty.*, 251 F.R.D. 566, 569 (E.D. Wash. 2008) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). Here, Defendant cites to the Ferguson

---

[4] Should Plaintiffs file a second amended complaint asserting different claims on behalf of a nationwide class, Defendant may renew its arguments.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ACTION
COMPLAINT ~ 19

declaration, which the Court declined to notice, to argue that the *Hernandez* case puts Plaintiffs on notice that only 14 Washington borrowers were potentially affected by the calculation error. ECF No. 35 at 14. Plaintiffs argue the size of the class is unknown because Defendant continues to investigate the matter. ECF No. 32 at 26. This disputed issue of fact indicates that the motion to dismiss stage is too early to determine whether a Washington class is sufficiently numerous to sustain a class action. Defendant's motion to strike Plaintiffs' class action allegations is DENIED.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss and Strike Amended Class Action Complaint (**ECF No. 26**) is **GRANTED in part and DENIED in part**.

2. Defendant's original Motion to Dismiss and Strike Class Action Complaint (**ECF No. 20**) is **DENIED as moot**.

3. Plaintiff is granted leave to file a Second Amended Class Action Complaint within 14-days of this Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 18, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE CLASS ACTION COMPLAINT ~ 20