Rudy A. Englund, WSBA 04123
Pilar C. French, WSBA 33300
Erin M. Wilson, WSBA 42454
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email: englundr@lanepowell.com
Email:wilsonem@lanepowell.com
Email: frenchp@lanepowell.com
Attorneys for Defendant

CHIEF JUDGE THOMAS O. RICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

MONTY AND MICHELLE
COORDES, individually and on behalf
of all others similarly situated

                       Plaintiffs,

    v.

WELLS FARGO BANK, N.A.,

                    Defendant.

Case No. 2:19-CV-00052-TOR

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST, SECOND, AND FOURTH CAUSES OF ACTION IN THEIR SECOND AMENDED CLASS ACTION COMPLAINT**

February 5, 2020
ORAL ARGUMENT
REQUESTED – DATE/TIME TO
BE CONFIRMED
SPOKANE, WA

MOTION TO DISMISS
NO. 2:19-CV-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7861432.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..........................................................................................1

PLAINTIFFS' ALLEGATIONS .................................................................1

LEGAL ARGUMENT..................................................................................3

    A.    Plaintiffs' Breach of Contract Claim Should Be Dismissed Because Wells Fargo Was Not Contractually Obligated to Notify Them of a Potential Loan Modification (First Cause of Action). ...................................................................................3

        1.    The Deed of Trust and Washington Law Foreclose Plaintiffs' Proffered Interpretation. .......................................3

        2.    Plaintiffs Cannot Create an Ambiguity Where There Is None. ...............................................................................6

    B.    Plaintiffs' Breach of Implied Covenant of Good Faith and Fair Dealing Claim Should Be Dismissed Because It Is Contrary to the Plain Language of the Deed of Trust (Second Cause of Action). ....................................................8

    C.    Plaintiffs' Defamation Claim Should Be Dismissed Because It Is Preempted Under the Fair Credit Reporting Act (Fourth Cause of Action). .........................................................10

CONCLUSION............................................................................................12

MOTION TO DISMISS - i
NO. 2:19-CV-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7861432.1

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ali v. Capital One*,
   2012 WL 260023 (E.D. Cal. Jan. 27, 2012) .................................................11

*Badgett v. Sec. State Bank*,
   116 Wn.2d 563, 807 P.2d 356 (Wash. 1991) .......................................7, 8, 9

*Cannon v. Wells Fargo Bank, N.A.*,
   917 F. Supp. 2d 1025 (N.D. Cal. 2013)............................................................3

*Centrum Fin. Servs., Inc. v. Union Bank, N.A.*,
   1 Wn. App. 2d 749, 406 P.3d 1192 (2017), *review denied*, 190
   Wn. 2d 1014, 415 P.3d 1195 (2018) ...............................................................5

*Chaffee v. Chaffee*,
   19 Wn.2d 607, 145 P.2d 244 (Wash. 1943) .....................................................7

*Chelan Cty., Wash. v. Bank of Am. Corp.*,
   2014 WL 3101935 (E.D. Wash. July 7, 2014) .................................................3

*Davis v. DRRF Trust*
   *2015-1*, 2016 WL 8257126 (W.D. Tex. Jan. 6, 2016)......................................6

*Dvorak v. AMC Mortg. Servs., Inc.*,
   2007 WL 4207220 (E.D. Wash. Nov. 26, 2007)............................................10

*Gallion v. Medco Health Sols., Inc.*,
   2014 WL 1328764 (E.D. Wash. Apr. 2, 2014) ...........................................5, 6

*GMAC v. Everett Chevrolet, Inc.*,
   179 Wn. App. 126, 317 P.3d 1074 (2014)........................................................5

*Gorman v. Wolpoff & Abramson, LLP*,
   584 F.3d 1147 (9th Cir. 2009) ......................................................................10

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS - ii
NO. 2:19-CV-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7861432.1

*Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*,
  58 F. Supp. 3d 1166 (W.D. Wash. 2014), *aff'd sub nom.*
  *Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, 691 F.
  App'x 406 (9th Cir. 2017) ...................................................................8

*Hundal v. PLM Loan Mgmt. Servs., Inc.*,
  2016 WL 7157644 (N.D. Cal. Dec. 8, 2016) ....................................6

*Int'l Marine Underwriters v. ABCD Marine, LLC*,
  179 Wn.2d 274, 313 P.3d 395 (Wash. 2013) ..................................7

*Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*,
  536 F. Supp. 2d 1207 (E.D. Cal. 2008) ...........................................11

*Key Bank of Washington v. Concepcion*,
  1994 WL 762157 (W.D. Wash. Sept. 20, 1994) ..............................9

*Kolbet v. Selene Fin. LP*,
  2019 WL 2567352 (W.D. Wash. June 21, 2019) .........................7, 8

*Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*,
  78 Wn. App. 707, 899 P.2d 6 (Wash. 1995) ...................................4

*Ringler v. Bishop White Marshall & Weibel, PS*,
  2013 WL 1816265 (W.D. Wash. Apr. 29, 2013) ...........................9

*Schanne v. Nationstar Mortg., LLC*,
  2011 WL 5119262 (W.D. Wash. Oct. 7, 2011)................................9

*Sparling v. Hoffman Constr. Co.*,
  864 F.2d 635 (9th Cir. 1988) ...........................................................3

**Statutes**

15 U.S.C. § 1681h ...............................................................................9, 10

15 U.S.C. § 1681s ..............................................................................10, 11

15 U.S.C. § 1681t.........................................................................9, 10, 11

Wash. Rev. Code § 61.24.090 ..........................................................4, 5, 6

MOTION TO DISMISS - iii
NO. 2:19-CV-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7861432.1

**Other Authorities**

18 Wash. Prac., Real Estate § 20.1 (2d ed.) ........................................................4

Fed. R. Civ. P. 12(b)(6) ........................................................................................1

28 Williston on Contracts § 70:135 (4th ed.) .....................................................7

MOTION TO DISMISS - iv
NO. 2:19-CV-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7861432.1

# INTRODUCTION

Plaintiffs—Washington residents who obtained a mortgage for a Washington property—purport to bring a nationwide class action based on the alleged conduct of Wells Fargo Bank, N.A. ("Wells Fargo") in failing to modify their defaulted mortgage loan. They are now on their third pleading attempt. However, as the Court noted at the October 18, 2019 hearing on Wells Fargo's motion to dismiss Plaintiffs' Amended Complaint, Plaintiffs are "going backwards," reasserting a baseless breach of the implied covenant of good faith and fair dealing claim they previously abandoned, and adding an equally meritless breach of contract claim based on the same "failure to modify" allegations. Plaintiffs also bring a common law defamation claim based on Wells Fargo's alleged credit reporting activities. As shown herein, the Court should dismiss these additional claims with prejudice under Federal Rule of Civil Procedure 12(b)(6).

First, Wells Fargo owed Plaintiffs no contractual duty to notify them of a potential loan modification, defeating their breach of contract claim. And because Plaintiffs do not allege, and indeed cannot allege, a specific contractual duty underpinning the implied covenant of good faith and fair dealing, that claim fails as well. Finally, Plaintiffs' defamation claim is preempted by the Fair Credit Reporting Act. Thus, each newly added claim in Plaintiffs' Second Amended Complaint should be dismissed with prejudice.

# PLAINTIFFS' ALLEGATIONS

Plaintiffs' claims arise out of their 2005 mortgage loan, which Wells Fargo serviced and later acquired in 2011. SAC ¶ 13.

Plaintiffs allege that after Mr. Coordes lost his job during the financial crisis, Plaintiffs became unable to pay their mortgage. *Id.* ¶ 14-16. According to

MOTION TO DISMISS - 1
NO. 2:19-CV-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Plaintiffs, they sought a loan modification from Wells Fargo in 2010 and again in 2011. *Id.* ¶¶ 16, 21. In August 2010, Wells Fargo offered Plaintiffs a trial modification to help them avoid foreclosure. *Id.* ¶ 18. But Plaintiffs exited that trial plan within months, alleging that they could not afford it. *Id.*

With help from bankruptcy counsel, Plaintiffs filed for Chapter 13 bankruptcy in January 2011. SAC ¶ 19. They again sought a loan modification from Wells Fargo in July 2011. *Id.* ¶ 21. Plaintiffs allege that Wells Fargo wrongly denied their application in late 2011 and that this led to the foreclosure of their property in 2012. *Id.* ¶ 30. Without alleging that Wells Fargo knew of the error, Plaintiffs claim that a calculation error in its modification software caused Wells Fargo to deny the modification. *Id.*

As Plaintiffs also allege, following the identification and public disclosure of the software error in the fall of 2018, Wells Fargo began a voluntary remediation program to assist affected borrowers. SAC ¶¶ 76-86. Plaintiffs participated in that process and Wells Fargo paid them $40,000. *Id.* ¶¶ 38-39. A few months after receiving payment, Plaintiffs filed this class action lawsuit and, through their Second Amended Complaint, seek to represent the following vaguely-defined nationwide class of borrowers:

> All persons who sought a mortgage modification from Wells Fargo March 15, 2010 [sic] to April 30, 2018, and were denied due to one or more software decisioning errors. The Class includes, but is not limited to, persons to whom Wells Fargo sent the notice referred to in paragraphs 37 & 87, *supra*.

*Id.* ¶ 98.

Having abandoned their federal claims, Plaintiffs rely on the Class Action Fairness Act ("CAFA") as the source of the Court's subject matter jurisdiction over this action, alleging numerosity on the grounds that "there are 100 or more Class members nationwide." SAC ¶ 7. Plaintiffs purport to bring state-law

MOTION TO DISMISS - 2
NO. 2:19-CV-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and defamation.

## LEGAL ARGUMENT

**A.    Plaintiffs' Breach of Contract Claim Should Be Dismissed Because Wells Fargo Was Not Contractually Obligated to Notify Them of a Potential Loan Modification (First Cause of Action).**

Plaintiffs base their breach of contract claim on Wells Fargo's alleged breach of the Deed of Trust by "fail[ing] to notify Plaintiffs and class members that they could cure a default with a mortgage modification."  SAC ¶ 125.  These allegations fail on their face because there is no such notice requirement in the Deed of Trust.[1]

### 1.    The Deed of Trust and Washington Law Foreclose Plaintiffs' Proffered Interpretation.

To plead a breach of contract claim under Washington law,[2] plaintiffs must

---

[1] Wells Fargo recognizes that in *Hernandez*, Judge Alsup allowed the plaintiffs to amend their breach of contract claim based on the same post-contract documents and testimony Plaintiffs rely on here.  *See* section III.A.2, *infra*.  Respectfully, Wells Fargo disagrees with Judge Alsup's reasoning, which did not apply Washington law and is not binding on this Court.

[2] Plaintiffs' Deed of Trust contains a choice-of-law provision, which provides: "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located."  SAC Ex. A., Deed of Trust, ¶ 16. That choice-of-law provision is valid and enforceable, and prohibits Plaintiffs from pursuing claims under the laws of any state other than Washington, where their property was located.  *See, e.g.*, *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 641 (9th Cir. 1988) ("Washington law gives effect to an express choice of

MOTION TO DISMISS - 3
NO. 2:19-CV-00052-TOR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7861432.1

allege "(1) the existence of a valid contract; (2) breach of a duty imposed by that contract; and (3) damages resulting from the breach." *Chelan Cty., Wash. v. Bank of Am. Corp.*, 2014 WL 3101935, at *3 (E.D. Wash. July 7, 2014) (Rice, C.J.) (citing *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 899 P.2d 6 (Wash. 1995)).  Here, the Second Amended Complaint identifies only one contractual provision that Wells Fargo allegedly breached:

> Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach . . . . The notice shall specify: (a) the default; (b) **the action required to cure the default**; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property at public auction at a date not less than 120 days in the future.

SAC Ex. A, Deed of Trust, ¶ 22 (emphasis added).  This provision plainly does not require Wells Fargo to modify Plaintiffs' mortgage or to notify them of a purported right to cure their default through a modification.  Instead, it requires Wells Fargo to notify Plaintiffs of "the action required to cure the default"—that is, full payment of the amount required to bring the loan current. *See id.*

This conclusion is compelled by statute.  In Washington, nonjudicial foreclosure is a creature of statute.  "*Statutory* deeds of trust or trust deeds . . . [are] the only way Washington allows mortgaged land to be sold under a power of sale."  § 20.1. Introduction, 18 Wash. Prac., Real Estate § 20.1 (2d

---

law clause in a contract as long as application of the chosen law does not violate Washington's fundamental public policy."); *see also Cannon v. Wells Fargo Bank, N.A.*, 917 F. Supp. 2d 1025, 1050-51 (N.D. Cal. 2013) (same choice-of-law provision required application of Florida law to Florida plaintiffs' contract and tort claims).

MOTION TO DISMISS - 4
NO. 2:19-CV-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

ed.) (emphasis in original).  Washington law is clear about what constitutes a "cure," and it does not include a loan modification.  Specifically, under Revised Code of Washington section 61.24.090,

> curing the default or defaults set forth in the notice [of default] . . . shall be [achieved] by paying to the trustee: (a) *The entire amount then due under the terms of the deed of trust* . . ., and (b) The expenses actually incurred by the trustee enforcing the terms of the note and deed of trust . . . .

Wash. Rev. Code § 61.24.090 (emphasis added).

Moreover, this statutory definition of "cure" is incorporated in the Deed of Trust itself.  First, as demonstrated above, the Deed of Trust contains an express choice-of-law provision, which requires application of Washington law to its terms.  SAC Ex. A, Deed of Trust, ¶ 16 ("This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.").  Second, the Deed of Trust defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as applicable final, non-appealable judicial opinions."  SAC Ex. A, Deed of Trust, ¶ J.  Finally, paragraph 22 of the Deed of Trust, upon which Plaintiffs' breach of contract claim is based, requires that notices of default conform to "Applicable Law."  SAC Ex. A, Deed of Trust, ¶ 22. ("The notice shall further inform Borrower of . . . any other matters required to be included in the notice by Applicable Law. If the default is not cured . . . [Wells Fargo] may invoke the power of sale and/or any other remedies permitted by Applicable Law.").  Accordingly, because Washington law applies to the Deed of Trust,

MOTION TO DISMISS - 5
NO. 2:19-CV-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Washington's statutory definition of "cure" controls, and it forecloses Plaintiffs' proffered interpretation here.[3]

### 2.    Plaintiffs Cannot Create an Ambiguity Where There Is None.

The Court also should reject Plaintiffs' attempt to create a contractual ambiguity.  Whether a contract is ambiguous is a question of law.  *Gallion v. Medco Health Sols., Inc.*, 2014 WL 1328764, at *3 (E.D. Wash. Apr. 2, 2014) (Rice, J.) (citing *GMAC v. Everett Chevrolet, Inc.*, 179 Wn. App. 126, 317 P.3d 1074, 1078 (2014)).  "An ambiguity is not present simply because two parties to a contract have offered differing interpretations."  *Id.*  And courts must refrain from "read[ing] an ambiguity" when it can be avoided.  *Id.*

There is no ambiguity in the Deed of Trust.  As shown above, the Deed of Trust contemplates a singular action, that is, "*the* action required to cure the default," and the phrase is susceptible to only one interpretation: a default is cured by payment of the amount required to bring the loan current.  Wash. Rev. Code § 61.24.090; *see also Davis v. DRRF Trust 2015-1*, 2016 WL 8257126 (W.D. Tex. Jan. 6, 2016) (rejecting same theory Plaintiffs advance here, and explaining that "Plaintiff cites no case law in support of her theory that loan modification under HAMP constitutes an 'action required to cure the default' and is thus required under the deed of trusts.  Arguably, loan modification does not cure

---

[3] *Centrum Fin. Servs., Inc. v. Union Bank, N.A.*, 1 Wn. App. 2d 749, 406 P.3d 1192, 1197 (2017), *review denied*, 190 Wn. 2d 1014, 415 P.3d 1195 (2018) ("The [Deeds of Trust Act] governs transactions where a borrower executes a promissory note to the lender that is secured by a deed of trust.") (applying RCW § 61.24.090 to nonjudicial foreclosure sale notices).

MOTION TO DISMISS - 6
NO. 2:19-CV-00052-TOR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

default but rather is an alternative to foreclosure in the event of default. The plain language of the deed of trust clearly does not require Defendant to modify Plaintiff's loan in the event of default. Therefore, Defendant's failure to modify Plaintiff's loan under HAMP does not constitute breach.") (citation omitted); *Hundal v. PLM Loan Mgmt. Servs., Inc.*, 2016 WL 7157644, at *7 (N.D. Cal. Dec. 8, 2016) (holding that "[a]lthough a loan modification may . . . enable[] [a borrower] to *eventually* cure any default," it is payment of the full amount due that constitutes an actual cure of the default) (emphasis in original).

Plaintiffs do not point to any contractual provision providing otherwise. Instead, they attempt to manufacture an ambiguity by reference to documents and testimony that long post-date the Deed of Trust, and which do not reference or rely on the Deed of Trust at all.  SAC ¶¶ 128-30.  However, it is black-letter Washington law that in the face of an unambiguous contract, extrinsic evidence like what Plaintiffs offer here cannot be used to supplement, contradict, or alter the contract's terms.  *See* 28 Williston on Contracts § 70:135 (4th ed.); *Chaffee v. Chaffee*, 19 Wn.2d 607, 145 P.2d 244, 252 (Wash. 1943) ("I[t] is elementary law, universally accepted, that the ***courts do not have the power***, under the guise of interpretation, ***to rewrite contracts*** which the parties have deliberately made for themselves. . . . Neither abstract justice nor the rule of liberal construction justifies the creation of a contract for the parties which they did not make themselves or the imposition upon one party to a contract of an obligation not assumed.") (emphasis added).  Moreover, "[d]uring interpretation, a court's primary goal is to ascertain the parties' intent at the time they executed the contract."  *Int'l Marine Underwriters v. ABCD Marine, LLC*, 179 Wn.2d 274, 313 P.3d 395, 399 (Wash. 2013) (citation omitted).  Thus, the court "must distinguish the parties' intent at the time of formation from the interpretations the

MOTION TO DISMISS - 7
NO. 2:19-CV-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

parties are advocating at the time of the litigation." *Id.* at 400 (citation omitted). Plaintiffs' breach of contract claim violates these longstanding rules. It would require the Court to re-write the phrase "***the*** action required to cure default" to include "***all*** actions that could cure default," based on documents and testimony that long post-date the Deed of Trust and that show nothing about the parties' intent at the time of contracting. The Court should reject Plaintiffs' invitation to disregard Washington law. Their breach of contract claim should be dismissed.

**B.    Plaintiffs' Breach of Implied Covenant of Good Faith and Fair Dealing Claim Should Be Dismissed Because It Is Contrary to the Plain Language of the Deed of Trust (Second Cause of Action).**

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails as well. Although every contract contains an implied duty of good faith and fair dealing, the duty "does not extend to obligate a party to accept a material change in the terms of its contract." *Kolbet v. Selene Fin. LP*, 2019 WL 2567352, at *10 (W.D. Wash. June 21, 2019) (quoting *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 807 P.2d 356, 360 (Wash. 1991)). Thus, the duty of good faith is not "free-floating"; it only exists in relation to the performance of a specific contractual duty. *Id.* "If there is no contractual duty, there is nothing that must be performed in good faith." *Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166, 1174 (W.D. Wash. 2014), *aff'd sub nom. Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, 691 F. App'x 406 (9th Cir. 2017).

Here, Plaintiffs allege that Wells Fargo was required to do the following: (1) notify Plaintiffs that they could cure their default through a loan modification (SAC ¶ 140-41); (2) "tell Plaintiffs and the Class that a correct modification decision was impossible under the circumstances[] given the software errors" at issue in this litigation (SAC ¶ 145); and (3) properly review loan modification

MOTION TO DISMISS - 8
NO. 2:19-CV-00052-TOR

707220.0255/7861432.1

applications(SAC ¶¶ 147-48).  But, the parties' agreement—which is controlling here—did not require Wells Fargo to do any of these things.

*Badgett v. Sec. State Bank*, 116 Wn.2d 563, is instructive.  There, the plaintiffs sued the defendant bank after it denied their request to restructure their loan.  There, the loan agreement did not require the bank to modify the loan or even consider modifying the loan.  The Washington Supreme Court thus refused to imply a duty of good faith to the parties' modification discussions, which would have rewritten their agreement.  *Id*. at 569-70.  ("By urging this court to find that the Bank had a good faith duty to affirmatively cooperate in their efforts to restructure the loan agreement, in effect [plaintiffs] ask us to expand the existing duty of good faith to create obligations on the parties in addition to those contained in the contract—a free-floating duty of good faith unattached to the underlying legal document. This we will not do.")

The same is true here.  Allowing Plaintiffs' claim to proceed would impermissibly "create obligations on the parties in addition to those contained in the contract—a free floating duty of good faith unattached to the underlying legal document."  *Id*; *see also Schanne v. Nationstar Mortg., LLC*, 2011 WL 5119262, at *4 (W.D. Wash. 2011) (dismissing same claim where plaintiffs failed to establish that defendant breached any specific contract term "in foreclosing on the defaulted loan"); *Ringler v. Bishop White Marshall & Weibel, PS*, 2013 WL 1816265, at *2 (W.D. Wash. Apr. 29, 2013) ("Because Plaintiffs fail to allege that Defendants were bound by a specific contract term that obligates Defendants to affirmatively cooperate in Plaintiffs' efforts to restructure the loan agreement, the Court must grant Defendants' motion to dismiss this claim."); *Key Bank of Washington v. Concepcion*, 1994 WL 762157, at *5 (W.D. Wash. Sept. 20, 1994) (dismissing breach of good faith claim against a bank because the bank was not

MOTION TO DISMISS - 9
NO. 2:19-CV-00052-TOR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

contractually required to continue to lend money or engage in work-out negotiations). Plaintiffs' Second Cause of Action should be dismissed with prejudice.

**C. Plaintiffs' Defamation Claim Should Be Dismissed Because It Is Preempted Under the Fair Credit Reporting Act (Fourth Cause of Action).**

Plaintiffs' Fourth Cause of Action is for defamation, based entirely on Wells Fargo's alleged credit reporting activities. SAC ¶¶ 164-80. As shown below, under the majority rule in this circuit, the Fair Credit Reporting Act ("FCRA") preempts defamation claims based on information furnished to credit reporting agencies. This Court should follow the majority approach and dismiss this claim with prejudice.

The FCRA has two key preemption provisions, 15 U.S.C. § 1681**t**(b)(1)(F) ("§ 1681t") and 15 U.S.C. § 1681**h**(e) ("§ 1681h"). Under the former, § 1681t, state-law claims based on a defendant's credit reporting activities are completely preempted: "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t (2012). On the other hand, § 1681h suggests that certain state-law claims are not preempted if the defendant acts with "malice or willful intent":

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer*.

MOTION TO DISMISS - 10
NO. 2:19-CV-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

15 U.S.C. § 1681h (2012) (emphasis added).

In *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009), the Ninth Circuit acknowledged the apparent tension between these two provisions: "[a]lthough [§ 1681t] appears to preempt all state law claims based on a creditor's responsibilities under § 1681s–2, § 1681h[] suggests that defamation claims can proceed against creditors as long as the plaintiff alleges falsity and malice." *Id.* at 1166. But, the court did not resolve the issue, finding that "even if [plaintiff] could bring a state law libel claim under § 1681h(e), and such a claim were not preempted by § 1681t(b)(1)(F), he has not introduced sufficient evidence to survive summary judgment on this claim." *Id.* at 1167.

However, despite *Gorman*, the majority of district courts in this circuit—including this one—maintain that the FCRA completely preempts any state statutory and common law causes of action that are based on the defendant's alleged credit reporting activities. *Dvorak v. AMC Mortg. Servs., Inc.*, 2007 WL 4207220, at *5 (E.D. Wash. Nov. 26, 2007) ("This court, however, agrees with the approach of the majority of the district courts in the Ninth Circuit that the FCRA preempts state statutory and common law causes of action which fall within the conduct proscribed under § 1681 s-2.") (collecting cases); *Ali v. Capital One*, 2012 WL 260023, at *5 (E.D. Cal. Jan. 27, 2012) ("This Court acknowledges the apparent tension, but follows its previous reasoning in holding that 15 U.S.C. § 1681t(b)(1)(F) preempts defamation claims based on allegations that a furnisher of information provided false or inaccurate information to a consumer reporting agency.") (collecting cases). And, under this approach, Plaintiffs' defamation claim—which is based entirely on Wells Fargo's alleged credit reporting activities—is completely preempted.

MOTION TO DISMISS - 11
NO. 2:19-CV-00052-TOR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Plaintiffs' (baseless) allegations of malice and willful intent do not require a different result. *See* SAC ¶¶ 172-78. Indeed, as courts in this circuit have observed, § 1681t is a complete bar to state defamation claims, even those alleging malice and willful intent. *Ali*, 2012 WL 260023, at *5 (finding that, despite allegations of malice, plaintiff's defamation claim was "completely preempted by the FCRA"); *see also Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1215 (E.D. Cal. 2008) (FCRA preempted defamation claim and "whether [plaintiff] alleged defamation with malice is irrelevant").

For these reasons, Plaintiffs' defamation claim is completely preempted by the FCRA and should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Wells Fargo respectfully requests that the Court dismiss Plaintiffs' First, Second, and Fourth Causes of Action with prejudice.

DATED: December 6, 2019

LANE POWELL PC


By *s/Erin M. Wilson*
Rudy A. Englund, WSBA 04123
Pilar C. French, WSBA 33300
Erin M. Wilson, WSBA 42454

Amanda L. Groves (*admitted pro hac vice*)
Kobi K. Brinson (*admitted pro hac vice*)
Stacie C. Knight (admitted *pro hac vice*)
WINSTON & STRAWN LLP
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202
agroves@winston.com
kbrinson@winston.com
sknight@winston.com

MOTION TO DISMISS - 12
NO. 2:19-CV-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS - 13
NO. 2:19-CV-00052-TOR

707220.0255/7861432.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1

**CERTIFICATE OF SERVICE**

2    I certify under penalty of perjury that on December 6, 2019,

3    I electronically filed the foregoing with the Clerk of the Court using the CM/ECF

4    System which will automatically generate a Notice of Electronic Filing (NEF) to

5    all parties in the case who are registered users of the CM/ECF system. The NEF

6    for the foregoing specifically identifies recipients of electronic notice.

7    DATED this 6th day of December, 2019, at Seattle, WA.

8

9    LANE POWELL PC

10

11    By *s/Erin M. Wilson*
            Erin M. Wilson, WSBA No. 42454

12            1420 Fifth Ave #4200
            P O Box 91302

13            Seattle, WA 98111

14            Ph: 206-223-7432
            Fx: 206-223-7107

15            Email: wilsonem@lanepowell.com

16
            *Attorneys for Defendant*

17            *Wells Fargo Bank, N.A.*

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS - 14
NO. 2:19-CV-00052-TOR

707220.0255/7861432.1