Rudy A. Englund, WSBA No. 04123
Pilar C. French, WSBA No. 33300
Erin M. Wilson, WSBA No. 42454
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000

CHIEF JUDGE THOMAS O. RICE

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

MONTY AND MICHELLE COORDES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

Defendant.

No. 2:19-CV-00052 -TOR

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS**

DECEMBER 20, 2019 AT 9:00 A.M.
WITH ORAL ARGUMENT
SPOKANE, WA

## I.     INTRODUCTION

Monty and Michelle Coordes (the "Coordeses") seek to lead a nationwide class action of consumers allegedly harmed by denials of loan modifications caused by software malfunction. So do the *Hernandez* plaintiffs. Under the-first to-file rule, the Court should stay this case. Even the Coordeses admit that the *Hernandez* action was filed first and that the same factual predicate forms the basis of this case and the *Hernandez* case. The primary defendant in both cases is the same. Although the Coordeses' Response to Defendant's Motion to Stay

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO STAY PROCEEDINGS - 1
No. 2:19-CV-00052

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

(the "Response") suggests otherwise, both sets of plaintiffs present virtually identical class definitions that include the Coordeses. Also contrary to the Coordeses' assertions, under the most recent operative filings, Hernandez has moved to represent and certify a "Nationwide Class." *See* Dkt. No. 63-6, Preusch Decl., Ex. F.

"To allow two parallel class actions to proceed in separate districts would be duplicative and inefficient." *Ctr. v. Pompeo*, No. C18-1122JLR, 2018 WL 6523135, at *7 (W.D. Wash. Dec. 12, 2018). With all three first-to-file factors met, the Court should stay this case. Alternatively, the Court should use its discretionary power to stay this case: forcing Wells Fargo to litigate cases with identical factual predicates in different districts will prejudice its defense, require duplicative judicial effort, and potentially subject Wells Fargo to differing judgments.[1]

## II.  INDISPUTABLE FACTS

*Hernandez* was filed on December 5, 2018. *Coordes* was filed on February 15, 2019. Mot. at 6. Since then, little beyond motions to dismiss have occurred in *Coordes*. Indeed, as this Court aptly stated at the October 18, 2019 hearing on Wells Fargo's Motion to Dismiss Plaintiffs' Amended Complaint, the Coordeses are "going backward," now that they are reasserting baseless claims that they previously abandoned. In contrast, discovery in *Hernandez* has been exchanged, and class certification has been briefed twice. Mot. at 3-4. The class certification hearing has been scheduled for January 15, 2020.

The Coordeses incorrectly claim the *Hernandez* plaintiffs "have moved only for the certification of a California class." Response at 8. Rather, the

---

[1] Plaintiffs seem to inject a prejudice element into the first-to-file analysis. This is, of course, irrelevant to the analysis. *Accord Pompeo*, 2018 WL 6523135, at *7 (convenience factors irrelevant for first-to-file rule).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO STAY PROCEEDINGS - 2
No. 2:19-CV-00052

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1  Coordeses' own filing clearly shows the *Hernandez* plaintiffs currently and
2  actively seek to represent and certify a nationwide class in the alternative to a
3  California class. Preusch Decl. Ex. F (Hernandez Plaintiff's Renewed Notice of
4  Motion and Motion for Class Certification) (ECF No. 63-6 at 33) ("The
5  Nationwide Class and Six State Subclasses Also Satisfy Rule 23(a) and
6  23(b)(3).").

7  And though Judge Alsup indicated he was inclined to start with a
8  California class, he specifically directed the *Hernandez* plaintiffs to brief
9  whatever class they like; and that a nationwide class may be appropriate after a
10 California class was decided. *Hernandez et al. v. Wells Fargo Bank, N.A.*, No. C
11 18 07354 WHA, Hrg. Transcript at 5-7 (Nov. 6, 2019) (Alsup, J.). Likewise, the
12 *Coordes* Plaintiffs plainly seek a nationwide class which would encompass the
13 *Hernandez* plaintiffs in California. Response at 7.

14 Both sets of plaintiffs have proposed class definitions covering the same
15 groups. *See* Mot. at 7. The *Hernandez* class definition covers "[a]ll persons who
16 [] qualified for a mortgage loan modification or repayment plan . . . and [who]
17 were not offered a mortgage loan modification by Wells Fargo due to a
18 systematic error in Wells Fargo's automated mortgage loan modification
19 underwriting tool." *Id.* at 7 n.2. That class clearly includes the Coordeses, as well
20 as the thirteen other putative class members with property in Washington.
21 Preusch Decl. Ex. H at 64 (ECF No. 63-8 at 64). Similarly, the Coordeses seek
22 to represent "[a]ll persons who sought a mortgage modification from Wells Fargo
23 March 15, 2010 to April 30, 2018 and were denied due to one or more software
24 decisioning errors." Mot. at 7 n.2.

25
26

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO STAY PROCEEDINGS - 3
No. 2:19-CV-00052

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

707220.0255/7863919.2

## III. ARGUMENT

**A.   The First to File Rule is Dispositive Here.**

A court has discretion to grant a stay in a second-filed case where a previously filed case encompasses *similar* issues and *similar* parties. *Bewley v. CVS Health Corp.*, No. C17-0803RSL, 2017 WL 5158443, at *2 (W.D. Wash. Nov. 7, 2017). The two cases need not be identical. And as Plaintiffs admit, the first to file rule is usually followed, and rejected only from "time to time." Response at 6 (quoting *Church of Scientology v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds,* 836 F.3d 987)).

1. *Hernandez was Filed First.* Citing *Mehr v. Capital One Bank USA N.A.*, No. SACV-18-1576, 2019 WL 2428768, at *3 (C.D. Cal. Jan. 4, 2019), the Coordeses contend that four months is long enough for the first to file rule to apply, but two months is too short. Response at 7. However, the Coordeses are mistaken; the salient question is which case is filed first, not what is the length of time between the two filings. *See Rhode Island Novelty, Inc. v. Imperial Toy, LLC*, No. CIV.A. 14-13568-NMG, 2015 WL 1629636, at *7 (D. Mass. Apr. 10, 2015) (a party "filed suit almost a full two months before Imperial did and, in doing so, is entitled to the benefit of the first-to-file rule" in motion to transfer context); *Ward v. Follett Corp.*, 158 F.R.D. 645, 649 (N.D. Cal. 1994) (granting first-to-file stay where first case was filed "two months" before second).

In addition, courts evaluate the progress of each case. Here, *Hernandez* is far more developed than this case. A second round of class certification briefing is pending there and set for hearing on January 15, 2020, some 45 days in advance of the February 28, 2020 class certification filing deadline in this case. By contrast, in this case, Wells Fargo has yet to respond to discovery and has moved to dismiss Plaintiffs' first, second and fourth causes of action in Plaintiffs'

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO STAY PROCEEDINGS - 4
No. 2:19-CV-00052

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

707220.0255/7863919.2

Second Amended Complaint, as Plaintiffs have yet to plead appropriate causes of action. This factor is not "neutral" as Plaintiffs suggest—it cuts against them. *Accord Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (considering development of case file in determining whether to dismiss first-file case).

2. *The Factual Predicate is Identical.* The Coordeses attempt to distinguish the causes of action between this case and *Hernandez*, but "issues in the first and second action need not be identical but 'substantially similar.'" *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006) (citation omitted) (applying first-to-file rule even where it would result in loss of a specific remedy in second-filed action).

There is no question the factual predicates are identical in these two cases. Both complaints revolve around the same alleged software errors that purportedly caused home foreclosures. Mot. at 2, 3. The Coordeses do not even mention the alleged, operative misconduct in their Response's fact section,[2] and focus instead on formal causes of action. But the similarity of issues is all that matters; causes of action are mere formal dressing. *See Inherent.com*, 420 F. Supp. 2d at 1099; *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95–96 (9th Cir. 1982) (granting first-to-file motion where two cases differed "as to the remedy sought").[3] And even if the formal causes of action alleged were an important factor, both cases revolve around a breach of contract claim.

---

[2] Response at 2-5.
[3] Plaintiffs' argument that seeking an injunction creates different issues fails as well. *See generally Pedro v. Millennium Prod., Inc.*, No. 15-CV-05253-MMC, 2016 WL 3029681, at *5 (N.D. Cal. May 27, 2016) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-96 (9th Cir. 1982) (upholding district court's application of first-to-file rule where earlier-filed action sought "injunctive relief and damages" and later-filed action sought "declaratory judgment")).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO STAY PROCEEDINGS - 5
No. 2:19-CV-00052

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

The Coordeses attempt to distinguish this case from *Hernandez* by highlighting that they issued third party subpoenas to service providers. This point is unavailing. Wells Fargo understands the third parties dispute those subpoenas and, on information and belief, have no relevant information.

Regardless, even if the providers had relevant information, it would not change the underlying factual allegations of both complaints; any gleaned information would be relevant to both cases. The subpoenas are an attempt to obfuscate that the same factual issues underlay this action and *Hernandez*.

3. *The Parties are Similar.* The first-to-file rule applies when the two actions present "substantial similarity of parties." *Pompeo*, 2018 WL 6523135, at *5. The Defendant in both actions are the same (though Wells Fargo & Company is named in *Hernandez*), and the proposed classes are substantially similar. The Coordeses' contention that similarity of named plaintiffs may be required is contradicted by the law.[4] In representative actions, "the classes, and not the class representatives, are compared." *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citing Cal. Jur. 3d Actions § 284). The Coordeses concede their position is based on the minority view. Response at 8.

The *Hernandez* plaintiffs seek a nationwide class, in the alternative to a California-only class, which would include the Coordeses. Similarly, the Coordeses seek a nationwide class, which would include all of the *Hernandez* plaintiffs and putative class members. Response at 7 (". . . Plaintiffs will be filing their motion for class certification, which will include a nationwide class, in

---

[4] The Coordeses are also mistaken in arguing that Wells Fargo's cited authority is irrelevant because some of the cases consider motions to transfer, rather than stay. Response at 10. In truth, the factors are the same for stays and transfers. *See, e.g., Prescott v. CVS Health Corp.*, No. C17-803RSL, 2017 WL 5756873, at *2 (W.D. Wash. Nov. 28, 2017) (evaluating first-to-file factors in considering motion to transfer).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO STAY PROCEEDINGS - 6
No. 2:19-CV-00052

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

February."). This overlap satisfies the first-to-file rule, as both sets of plaintiffs seek to represent at least some of the same people. *See Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (finding "the proposed classes for the collective actions are substantially similar in that both classes seek to represent at least some of the same individuals").

Even differing proposed subclasses does not prevent application of the rule. *See Herrera v. Wells Fargo Bank, N.A.*, No. C 11-1485 SBA, 2011 WL 6141087, at *2 (N.D. Cal. Dec. 9, 2011) ("[T]he absence of [a] California subclass from the [first-filed] action is not determinative, particularly given that both actions involve the same defendant."). Accordingly, the fact that the Coordeses seek to represent a Washington sub-class alleging a Washington Consumer Protection Act claim does not negate the fact that the parties are substantially similar here. The law does not require identical plaintiffs; because there is substantial similarity, this factor weighs in favor of a stay.

## B. In the Alternative, a Stay Under the Court's Inherent Discretion is Appropriate.

The Coordeses have failed to demonstrate that a stay under the Court's inherent powers is inappropriate. On the contrary, the facts confirm the following: 1) prejudice to the Plaintiffs from a stay would be minimal; 2) Wells Fargo would be prejudiced by defending two simultaneous class actions; 3) and a stay would simplify legal issues decided by other cases, avoid the waste of judicial resources, and minimize the risk of inconsistent rulings. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Coordeses argue Wells Fargo cannot be prejudiced by being forced to litigate a case. Response at 13. Wells Fargo agrees. The prejudice stems from

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO STAY PROCEEDINGS - 7
No. 2:19-CV-00052

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7863919.2

litigating *two identical cases simultaneously*.[5] There is a burden on Wells Fargo in being required to go forward with this case while there are overlapping claims being litigated around the country. Although Plaintiffs' Response nearly ignores this point, there is a real risk of inconsistent rulings if these cases proceed simultaneously.

Ultimately, the Coordeses will not lose their right to pursue their case if *Hernandez* does not encompass them. If they are ultimately subsumed in a nationwide class, they may be satisfied with the relief being sought or obtained in *Hernandez*. If that is not the case, they would have the opportunity to opt out to preserve and pursue their claims individually. As the Coordeses recognize, any relevant fact discovery, testimony, or digital evidence from *Hernandez* would be preserved and presented in parallel cases, preserving their ability to maintain an individual action. Response at 13 (citing *Navarrete v. Hill's Nutrition, Inc.*, No. C 19-00767 WHA, 2019 WL 1932388, at *2 (N.D. Cal. May 1, 2019 (Alsup, J.)). Lastly, the Coordeses have already received forty thousand dollar payment from Wells Fargo in mediation, mitigating any prejudice from justified delay.

Contrary to Plaintiffs' assertion, no stay would be "indefinite." Response at 1. At a minimum, Judge Alsup will likely decide certification of a California-only class soon; and he stated that decision would inform a nation-wide class certification after trial May 2020. Mot. at 11-12 (citing Grove Decl. Ex. B). The propriety of a stay in this case could be reevaluated within a "reasonable" time and thus is appropriate. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857,

---

[5] Plaintiffs cite *Mehr*, 2019 WL 2428768, at *2, to argue "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity." Of course, that discussion did not involve an analysis of two competing, substantially similar class actions.

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS - 8
No. 2:19-CV-00052

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

865 (9th Cir. 1979) (stay appropriate where other proceedings "will be concluded within a reasonable time . . . .").

Lastly, although the Coordeses' Response asserts, in a footnote, that Judge Alsup's decisions will not have preclusive effect on this Court, the Coordeses miss the point. Response at 14 n.4. Undoubtedly, district courts within the same Circuit seek to avoid inconsistent judgments. *Couture v. Hoffman-La Roche, Inc.*, No. C-12-2657 PJH, 2012 WL 3042994, *2 (N.D. Cal. 2012). As a result, a stay of this case while *Hernandez* is decided is the better result. Indeed, decisions from the *Hernandez* case may potentially offer relevant judicial decisions on issues of fact or law applicable to this case. This benefit further justifies a stay.

**C.    Alternatives to a Stay are Inappropriate at this Time.**

At this point MDL coordination between *Hernandez* and *Coordes* is not feasible. The Coordeses also raise the possibility of a transfer to the Northern District of California for consolidation with the *Hernandez* case, but the suggestion is impractical since certification is being decided there on January 15, 2020. In sum, at this point in the proceedings, coordination between the *Hernandez* plaintiffs and the Coordeses is not feasible or practical and the appropriate approach is to stay these proceedings.

## IV.    CONCLUSION

For the above reasons, the Court should grant Wells Fargo's motion to stay this case.

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS - 9
No. 2:19-CV-00052

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

707220.0255/7863919.2

DATED: December 11, 2019

LANE POWELL PC

By  */s/ Rudy A. Englund*
Rudy A. Englund, WSBA No. 4123
Pilar C. French, WSBA No. 33300
Erin M Wilson, WSBA No. 42454
Telephone: 206.223.7000

Attorneys for Defendants

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS - 10
No. 2:19-CV-00052

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

707220.0255/7863919.2

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on December 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will automatically generate a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED this 11th day of December, 2019, at Seattle, WA.

LANE POWELL PC

By *s/Rudy A. Englund*
Rudy A. Englund, WSBA No. 04123
1420 Fifth Ave #4200
P O Box 91302
Seattle, WA 98111
Ph: 206-223-7000
Fx: 206-223-7107
Email: englundr@lanepowell.com

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS - 11
No. 2:19-CV-00052

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

707220.0255/7863919.2