Rudy A. Englund, WSBA 04123
Pilar C. French, WSBA 33300
Erin M. Wilson, WSBA 42454
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email: englundr@lanepowell.com
Email:wilsonem@lanepowell.com
Email: frenchp@lanepowell.com
Attorneys for Defendants

CHIEF JUDGE THOMAS O. RICE

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WASHINGTON

MONTY AND MICHELLE
COORDES, individually and on behalf
of all others similarly situated

                Plaintiffs,

    v.

WELLS FARGO BANK, N.A.,

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:19-CV-00052-TOR

**DEFENDANT'S MOTION TO
STAY PROCEEDINGS
PENDING FINAL APPROVAL
OF CLASS ACTION
SETTLEMENT**

MOTION TO STAY
NO. 2:19-00052-TOR

**Error! Unknown document property name.**

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

I.      INTRODUCTION .................................................................1

II.     BACKGROUND .................................................................1

III.    ARGUMENT .....................................................................4

      A.      Legal Standard ........................................................4

      B.      The Court Should Stay These Proceedings Pending Final
             Approval of the *Hernández* Settlement. ........................5

            1.      Plaintiffs Will Not Be Damaged if the Court Grants the
                  Stay. ..............................................................5

            2.      Wells Fargo Stands to Suffer Hardship and Inequity If
                  the Stay Is Not Granted. .................................7

            3.      A Stay Will Promote the Orderly Course of Justice. .......8

IV.     CONCLUSION ..................................................................10

MOTION TO STAY - i
NO. 2:19-00052-TOR

**Error! Unknown document property name.**

**LANE POWELL** pc
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Casserly v. Power Balance LLC*,
　2011 WL 13220130 (C.D. Cal. June 13, 2011)...........................................6, 8

*Clinton v. Jones*,
　520 U.S. 681 (9th Cir. 1997) ............................................................................4

*Hurrle v. Real Time Resolutions, Inc.*,
　2016 WL 4575740 (W.D. Wash. Jan. 6, 2016) ................................................9

*Jinni Tech, Ltd. v. Red.com, Inc.*,
　2018 WL 5312200 (W.D. Wash. Oct. 26, 2018)...............................................9

*Landis v. N. Am. Co.*,
　299 U.S. 248 (1936).........................................................................................4

*Pearson v. Wells Fargo, N.A.*,
　2014 WL 2452802 (W.D. Wash. June 2, 2014) .................................5, 6, 8, 9

*Pieterson v. Wells Fargo Bank, N.A.*,
　2019 WL 1466963 (N.D. Cal. Feb. 14, 2019)..............................................5, 6

*Puget Soundkeeper Alliance v. APM Terminals Tacoma, LLC*,
　2017 WL 11496652 (W.D. Wash. May 16, 2017) ...........................................9

MOTION TO STAY - i
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## I.    **INTRODUCTION**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this motion seeking a stay of these proceedings until the United States District Court for the Northern District of California rules on whether to approve the proposed nationwide class settlement in *Hernandez v. Wells Fargo Bank N.A.*, No. 3:18-cv-07354-WHA (N.D. Cal.).  A stay is warranted for the reasons set forth below.

## II.    **BACKGROUND**

Beginning with putative nationwide class action *Hernandez v. Wells Fargo Bank, N.A.*, No. 3:18-cv-07354-WHA (N.D. Cal.), filed on December 5, 2018 in the Northern District of California, thirteen lawsuits have been filed in various jurisdictions across the country alleging that an error in Wells Fargo's automated decisioning software led the Bank to erroneously deny trial loan modifications to a small percentage of its borrowers.  According to the lawsuits, these denials resulted from a software miscalculation of attorneys' fees used in determining whether borrowers were eligible for trial loan modifications under federal programs such as the Home Affordable Modification Program ("HAMP").  Other than *Hernandez*, four putative class actions[1] and five individual actions[2]  are currently pending across six federal jurisdictions.[3]  Of these class actions, two

---

[1] *Coordes v. Wells Fargo Bank, N.A.*, No. 2:19-cv-00052-TOR (E.D. Wash.); *Dore v. Wells Fargo Bank, N.A.*, 2:19-cv-01601-MJH (W.D. Pa.); *Hawkins-Ryder v. Wells Fargo Bank, N.A.*, No. 1:19-cv-00638-TSB (S.D. Ohio); *Liguori v. Wells Fargo Bank, N.A.*, 7:19-cv 10677 (S.D.N.Y.).
[2] *Curran v. Wells Fargo Bank, N.A.*, No. 1:20-cv-00492 (D.D.C.); *Duncan v. Wells Fargo Bank, N.A.*, No. 3:19-cv-00172-BRM-TJB (D.N.J.); *Thomas v. Wells Fargo Bank, N.A.*, No. 1:20-cv-00229-SDG-RGV (N.D. Ga.); *Van Brunt v. Wells Fargo Bank, N.A.*, No. 3:19-cv-00170-BRM-TJB (D.N.J.); *West v. Wells Fargo Bank, N.A.*, No. 5:19-cv-00286-JMH-MAS (E.D. Ky.).
[3] Three other actions have been dismissed.

MOTION TO STAY - 1
NO. 2:19-00052-TOR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

allege national classes[4] and two allege state classes.[5]   All cases except *Hernandez* (including this one) are in their initial pretrial stages, with little or no discovery having occurred and most with pending motions to dismiss.

On November 14, 2019, Wells Fargo moved to stay these proceedings under the first-to-file rule or, alternatively, under the Court's discretionary authority. Dkt. 68.  Plaintiffs opposed the motion, arguing that the *Hernandez* plaintiffs were "seeking to certify a California-only class that would not include [Plaintiffs]." Dkt. 62 at 1.  In denying the motion without prejudice, this Court observed that

> the scope of plaintiffs in each case is uncertain. … [R]ecent developments in *Hernandez* indicate that the Court may be inclined to certify only the proposed California subclass of plaintiffs.  If this is the case, the [Plaintiffs], their Washington subclass, and much of their nationwide class would not overlap with the *Hernandez* California class. …. .
>
> [ ]
>
> [Wells Fargo]'s arguments rely on assumptions about class certification that have not yet been resolved but will be resolved shortly based on pending motions in this district and in *Hernandez*. Because the relationship between this matter and *Hernandez is* unclear but will soon be more clearly defined, the Court declines to exercise its discretion at this stage to stay the proceedings in this case.

Dkt. 68 at 8-10.  The Court invited Wells Fargo to renew its motion "[a]s the identity of the parties becomes clearer with further proceedings in both cases." *Id*. at 9.

Further proceedings have since clarified the identity of the parties, and

---

[4] *Coordes*; *Dore*.
[5] *Liguori*; *Hawkins-Ryder*.   *Dore* alleges a national class but asserts a Pennsylvania state subclass in the alternative.  Plaintiffs here also assert a Washington state subclass for their Washington consumer protection claim.

MOTION TO STAY - 2
NO. 2:19-00052-TOR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

further underscore the significant overlap between *Hernandez* and this case. On January 2019, 2020, the Northern District of California certified a nationwide breach of contract class in *Hernandez*, consisting of borrowers who were erroneously denied a trial loan modification between 2010 and 2018 and whose homes Wells Fargo sold in foreclosure. Class Cert. Order (Exhibit A) at 4. This class covers Plaintiffs themselves, as well as 510 of the more than 800 total borrowers affected by the error. The parties in *Hernandez* have already negotiated a preliminary settlement agreement that will settle all class member claims, including Plaintiffs here. The court granted preliminary approval of that settlement on April 19, 2020. Prelim. Approval Order (Exhibit B).[6] If finally approved, that settlement will resolve Plaintiffs' claims, as well as the claims of more than 500 of the putative class members they seek to represent. *See* Dkt. 43 ¶ 10.

On January 14, 2020, Plaintiffs here filed a petition with the Judicial Panel on Multidistrict Litigation ("JPML"), seeking to join all of these actions in a Multidistrict Litigation ("MDL") and requesting that the cases be transferred pursuant to 28 U.S.C. § 1407 and consolidated in either the Northern District of California or the Eastern District of Washington. The JPML considered the

---

[6] The *Hernandez* settlement class essentially mirrors the certified class: "All persons in the United States who between 2010 and 2013 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo due to excessive attorney's fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo sold in foreclosure." Prelim. Approval Order (Exhibit B) at 1-2.

MOTION TO STAY - 3
NO. 2:19-00052-TOR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

petition on March 26, 2020 and declined to consolidate, finding that although "five [of the actions] assert at least somewhat overlapping classes of borrowers[,]" the parties have "reached a proposed settlement for the certified class, and they intend to move for preliminary approval in less than a week[,]" and "the proposed class settlement may resolve at least some claims in [each] litigation . . . ." JPML Order (Exhibit C) at 1-2. The JPML noted specifically that "there are alternatives to centralization available to minimize any overlap in pretrial proceedings, including informal cooperation and coordination of all actions, or other cooperative arrangements, such as a stay of the other cases while the settlement in Hernandez proceeds." *Id*. at 2 (emphasis added). That is exactly what should occur here; this case should be stayed pending final approval of the settlement in *Hernandez* to minimize any overlap in pretrial proceedings and conserve party and judicial resources.

### III.  ARGUMENT

**A.  Legal Standard**

A district court has discretionary power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 707-08 (9th Cir. 1997). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). "Economy of time and effort is best accomplished by the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55.

When considering a motion to stay, the court "weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go

MOTION TO STAY - 4
NO. 2:19-00052-TOR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

forward; and (3) the orderly course of justice measured in terms of the simplification of issues, proof, and questions of law that could be expected to result from a stay." *Pearson v. Wells Fargo, N.A.*, 2014 WL 2452802, at \*3 (W.D. Wash. June 2, 2014) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). As shown below, these factors weigh in favor of a stay here.

**B. The Court Should Stay These Proceedings Pending Final Approval of the *Hernandez* Settlement.**

Here, multiple lawsuits alleging similar facts exist around the country, and although an MDL panel declined to consolidate the actions, the panel suggested the alternative of "informal cooperation and coordination of all actions." Exhibit C at 2. More specifically, the JPML explained that "a stay of the other cases while the settlement in *Hernandez* proceeds" may "minimize any overlap in pretrial proceedings." *Id*. This Court also previously recognized that as "the relationship between this matter and *Hernandez*" became "more clearly defined," a stay might be appropriate. Dkt. 68 at 10. As shown below, the panel and this Court were correct. Indeed, "[c]ourts routinely exercise [their discretionary] power and grant stays when a pending nationwide settlement could impact the claims in the case before them." *Pieterson v. Wells Fargo Bank, N.A.*, 2019 WL 1466963, at \*1 (N.D. Cal. Feb. 14, 2019) (quotations and citation omitted). This Court should do the same.

**1. Plaintiffs Will Not Be Damaged if the Court Grants the Stay.**

The first factor weighs in favor of the stay.

Final approval of the *Hernandez* settlement will impact this case. It would resolve Plaintiffs' claims against Wells Fargo if they do not opt out of the class, and they will have suffered no prejudice as a result of a stay, as this option would

MOTION TO STAY - 5
NO. 2:19-00052-TOR

provide them relief much sooner than would litigating this action through trial. Moreover, if Plaintiffs ultimately choose to opt out of the *Hernandez* settlement class, they can continue pursuing their claims with a clearer understanding of whether there is any putative class they can represent. Either way, Plaintiffs' decision not only affects their rights and strategy with respect to their own claims, but also the viability of any class allegations.

Moreover, a stay will be minimally disruptive to the current schedule. Wells Fargo's motion to dismiss the Second Amended Complaint will be fully briefed upon the filing of Wells Fargo's reply, and only minimal discovery has occurred. Moreover, in accordance with the Court's April 6, 2020 Order (Dkt. 90), the parties agree that changes will be needed to the Jury Trial Scheduling Order. Thus, the anticipated four-month delay[7] caused by the stay will not hinder Plaintiffs' ultimate ability to pursue their claims. *See Pieterson*, 2019 WL 1466963, at *1 (rejecting plaintiffs' claim of delay as a reason to deny the stay); *Pearson*, 2014 WL 2452802, at *3 ("The court sees no reason why the stay would actually hinder [plaintiff's] ability to ultimately bring her suit here. The stay would only delay the action for approximately four months. After that time, [she] may move to lift the stay and continue with her present suit here."); *Casserly v. Power Balance LLC*, 2011 WL 13220130, at *2 (C.D. Cal. June 13, 2011) (agreeing with defendants "that there is little damage to Plaintiff from granting the stay because it will only be a few months until the Court in Batungbacal holds a hearing for final approval of the settlement" and "Plaintiff's ability to intervene or file any objections to the Batungbacal settlement is unaffected").

In sum, the first factor weighs in favor of a stay.

---

[7] The final approval hearing in *Hernandez* is scheduled for August 20, 2020. Prelim. Approval Order (Exhibit B) at 2.

MOTION TO STAY - 6
NO. 2:19-00052-TOR

**2.    Wells Fargo Stands to Suffer Hardship and Inequity If the Stay Is Not Granted.**

The second factor also weighs in favor of granting the stay because Wells Fargo stands to suffer hardship and inequity if this action is not stayed.  If this case proceeds, Wells Fargo faces duplicative and unnecessary discovery between this case and the discovery conducted in *Hernandez*.    Plaintiffs allege a nationwide class consisting of over 800 borrowers—510 of whom are members of the *Hernandez* settlement class.    Plaintiffs also allege a Washington-only class consisting of, at the high end, 15 total members, 10 of whom are members of the *Hernandez* settlement class (including Plaintiffs).    The resolution of *Hernandez* will therefore have a significant impact on the scope of, and issues in, this case.  Obviously, final approval of the *Hernandez* settlement will resolve the claims of most of the putative nationwide class here, to the extent they do not opt out.  Moreover, any purported Washington state class may already fail numerosity and impracticality of joinder requirements, and this will only become more clear as Washington borrowers decide whether to remain in the *Hernandez* settlement.  A stay is needed so the parties can assess the effect the *Hernandez* settlement has on this and other issues relevant to whether and what type of class claims Plaintiffs can maintain.

Moreover, until the settlement class is set in *Hernandez*, and final relief approved, the scope and nature of the class claims in this case cannot be ascertained.  The appropriate scope for class and merits discovery cannot be set before Plaintiffs know the size and nature of the class they seek to pursue and how it affects things such as the common issues subject to class discovery, the timeframe needed for discovery, and the relevant and necessary expert and fact witnesses.    Indeed, "[d]epending on the scope of the final [*Hernandez*]

MOTION TO STAY - 7
NO. 2:19-00052-TOR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

settlement, denying the stay could burden [Wells Fargo] and Plaintiff[s] by requiring them to expend additional resources to litigate claims that might be precluded," and "actions taken by this Court would [thus] unnecessarily duplicate the time and energy already expended in settling the [*Hernandez*] dispute." *Casserly*, 2011 WL 13220130, at *2.  Stated differently:

> If the court does not grant the stay, [Wells Fargo] could be forced to defend against plaintiffs who are barred from participating in the litigation by the [*Hernandez*] settlement.  The proposed settlement class in [*Hernandez*] is nationwide.  It includes both [Plaintiffs] and the [bulk of the] Washington-homeowner class in this action.  If the court allows the present suit to continue without first determining the status of the [*Hernandez*] settlement class, the uncertainty as to the ability of both [Plaintiffs] and the putative class to participate in the litigation could cause considerable hardship to [Wells Fargo], complicate the litigation, and waste judicial resources.  If the court grants the stay, however, the [*Hernandez*] settlement could simplify matters for this court by determining the landscape of plaintiffs who are permitted to bring or participate in suits against [Wells Fargo].

*Pearson*, 2014 WL 2452802, at *4.

This factor therefore weighs in favor of a stay.

### 3.    A Stay Will Promote the Orderly Course of Justice.

The third factor looks to whether a stay will promote judicial economy by "simplify[ying] the issues, proof, and questions of law."  *Pearson*, 2014 WL 2452802, at *3.  As discussed above, there is substantial overlap between the putative class asserted in this case and the settlement class in *Hernandez*, and a stay would avoid duplicative litigation with respect to that overlap.  As the Court previously recognized, if there were, in fact, significant overlap between *Hernandez* and this case, a stay would promote judicial economy.  *See* Dkt. 68 at 9 (finding a stay would not promote judicial economy at the time because the identity of the parties was not clear).  Indeed, because approval of the *Hernandez* settlement will result in fewer class members, fewer claims, and

MOTION TO STAY - 8
NO. 2:19-00052-TOR

fewer issues for the Court to resolve, "[a] stay at this time furthers the orderly course of justice as it will refine issues and questions of law." *Hurrle v. Real Time Resolutions, Inc.*, 2016 WL 4575740, at *2 (W.D. Wash. Jan. 6, 2016) (granting motion to stay pending final approval of class action settlement in another court: "Staying this case ensures the Court and the parties do not waste time and resources addressing issues that may change or become moot. The possible prejudice that may result from the stay is also minimal. The proposed class will be compensated if their claims are meritorious. Moreover, [plaintiff] can still pursue his individual claims in this case by opting out of any settlement that may be approved … ."); *see also Pearson*, 2014 WL 2452802, at *4 ("If the court allows the present suit to continue without first determining the status of the … settlement class, the uncertainty as to the ability of both [plaintiffs] and the putative class to participate in the litigation could cause considerable hardship to [defendant], complicate the litigation, and waste judicial resources."); *Jinni Tech, Ltd. v. Red.com, Inc.*, 2018 WL 5312200, at *5 (W.D. Wash. Oct. 26, 2018) ("The court finds that there is a significant overlap of the issues such that a limited stay pending resolution of the California case would benefit the orderly course of justice."); *Puget Soundkeeper Alliance v. APM Terminals Tacoma, LLC*, 2017 WL 11496652, at *1 (W.D. Wash. May 16, 2017) (granting stay when resolution of related litigation "may resolve key issues in this case").

In sum, the requested stay will cause no or negligible prejudice to Plaintiffs, will avoid hardship and inequity to Wells Fargo, and will promote judicial economy by conserving resources and avoiding duplicative litigation. A stay should accordingly be granted pending final approval of the proposed class settlement in *Hernandez*.

MOTION TO STAY - 9
NO. 2:19-00052-TOR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## IV.   CONCLUSION

For the foregoing reasons, Wells Fargo requests that these proceedings be stayed until the United States District Court for the Northern District of California has ruled on whether to grant final approval of the proposed class settlement in *Hernandez.*

DATED: April 20, 2020

LANE POWELL PC

By  *s/Rudy A. Englund*
      Rudy A. Englund, WSBA 04123
      Pilar C. French, WSBA 33300
      Erin M. Wilson, WSBA 42454

      Amanda L. Groves (*admitted pro hac vice*)
      Kobi K. Brinson (*admitted pro hac vice*)
      Stacie C. Knight (*admitted pro hac vice*)
      WINSTON & STRAWN, LLP
      300 S. Tryon Street, 16th Floor
      Charlotte, NC 28202
      agroves@winston.com
      kbrinson@winston.com
      sknight@winston.com

      *Attorneys for Defendant Wells Fargo Bank,*
      *N.A.*

MOTION TO STAY - 10
NO. 2:19-00052-TOR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on April 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will automatically generate a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED this 20th day of April, 2020, at Seattle, WA.

By     *s/Rudy A. Englund*
Rudy A. Englund, WSBA No. 04123
1420 Fifth Ave #4200
P O Box 91302
Seattle, WA 98111
Ph: 206-223-7432
Fx: 206-223-7107
Email: englundr@lanepowell.com
Attorneys for Defendant Wells Fargo
Bank, N.A.

MOTION TO STAY - 11
NO. 2:19-00052-TOR